Matter of
4th Avenue.

In the matter of the application of the MAYOR, &c. of New-York relative to the opening of the *Fourth Avenue* from Broadway to Twenty Eighth street in the ninth and twelfth wards, and continuing *Sixteenth* and *Seventeenth* streets.

A report of commissioners of estimate and assessment in the city of N. Y. relative to the opening of streets, will not be confirmed, if, in the opinion of this court, the measure is premature ; and will cost more than the proprietors of the adjacent land will be benefitted by the operation.

Owners of property can be assessed only for *the benefit and advantage* which they will derive from the improvement, over and above their *loss and damage;* and such benefit ought not to be speculative and distant, depending upon remote and uncertain contingencies, but should be substantial, certain and capable of being realized within a reasonable and convenient time.

THE report of the commissioners of estimate and assessment in relation to the comtemplated measure being presented for confirmation, objections were interposed on behalf of *Cornelius T. Williams,* the owner of the principal part of the lands required for the purpose of opening the avenue and continuing the streets, whose benefits were estimated at $19,275. The facts of the case, adverted to in the opinion of the court, supersede the necessity of here stating them. The case was argued by

*T. L. Ogden & B. F. Butler,* for the objector.

*R. Emmet,* for the corporation.

*By the Court,* SUTHERLAND, J. Various objections are made by Mr. Williams to the confirmation of the reports made by the commissioners of estimate and assessment in each of the above cases. But it is unnecessary for us to express an opinion upon the specific objection in each case, as one of the grounds on which the confirmation of the report is opposed is applicable to all the cases, and is, in the opinion of the court, such as to render it proper to send them all back to the commissioners for re-consideration.

Mr. Williams owns by far the largest portion of the property through which these streets are to run, and a great portion of the expense of the operation is imposed upon him. He is assessed for benefit, over and above the loss of the ground taken for the streets, about $20,000. He has produced the affidavits of several respectable and intelligent men, who appear to be well acquainted with the value of real estate in this part of the city of New-York, and to be capable of estimating correctly the effect of the proposed improvements. They all concur in the opinion that the opening of these streets will at present be of no advantage to Mr. Williams ;

that if they were the proprietors of his estate, they should not wish the streets opened, under existing circumstances, if it could be done without any expense to them; and the reasons which they assign in support of these opinions appear to the court fully to justify them. They state that the property of Mr. Williams, through which these streets are to run, is high ground, being from ten to twenty feet above the level of the streets as they are directed to be dug out; that the expense of digging out the streets, and of reducing his lots to the level of the streets, if he can get nothing for the surplus earth, will be enormous; that ordinarily there is a demand for surplus earth for the purpose of filling in the low grounds on each side of the island, but that at present there is no such demand, owing to a depression in the value of real estate generally in the city, but particularly in the outer wards; that there is at present no demand for lots in that part of the city; that there are now more than 6000 vacant lots south of Sixteenth street; that the market is over stocked, and sales are made with great difficulty even at reduced prices; that it will take a large portion of the estate of Mr. Williams, if he is compelled to sell it at present, to enable him to raise the amount of his assessment, whereas if these improvements can be delayed for a few years, Mr. Williams will be enabled, in all probability to dispose of his surplus earth to advantage, and, if necessary, to sell his lots at a fair price.

We are strongly of the opinion, from the evidence before us, that the opening of these streets is premature; that it will cost more than the proprietors of the adjacent land will be benefited by the operation. Acting as commissioners, we do not claim the right to control the discretion of the common council in relation to the improvements which the interests of the city may require to be made; but we are bound to see that the expense of these improvements is fairly and justly assessed, according to the spirit of the act under which the assessments are made. The opening of the streets in question may promote the prosperity of the city at large: upon that subject we have no right to review the decision of the corporation; but when the commissioners of estimate and assessment say that Mr. Williams, or any other individual,

will be benefitted by the operation $20,000 beyond his damage, it is our duty, when a confirmation of the report is asked for, to look into the evidence, and see whether it supports the decision of the commissioners, and if we are satisfied that the benefit to the individuals affected by the improvement has been greatly overrated, we cannot confirm the report, although the effect of such refusal to confirm may be to defeat the improvement. If the benefit to the owners of property within the range of assessment is less than any contemplated improvement will cost, they cannot upon any just construction of the act, be made to pay the whole expense. They can be assessed only for the *benefit and advantage* which they will derive from the improvement, over and above *their loss and damage;* and such benefit and advantage ought not to be speculative and distant, depending upon remote and uncertain contingencies, but it should be substantial, certain and capable of being realized within a reasonable and convenient time.

The weight of evidence in this case certainly is, that the benefit of Mr. Williams from the opening of the street in question has, according to these principles, been greatly overrated. We therefore direct the report to be returned to the same commissioners for re-consideration and correction.