# SUPREME JUDICIAL COURT

FOR THE

## COUNTY OF ESSEX, NOVEMBER TERM 1868,* AT SALEM.

PRESENT:

Hon. REUBEN A. CHAPMAN, CHIEF JUSTICE.
Hon. EBENEZER R. HOAR,
Hon. HORACE GRAY, JR.,
Hon. JOHN WELLS, }JUSTICES.
Hon. JAMES D. COLT,

---

SALEM TURNPIKE & CHELSEA BRIDGE CORPORATION *vs.*
COUNTY OF ESSEX & others.

A statute which provides for taking and laying out the road and bridges of a turnpike cor-
poration as a public highway upon the acceptance of the report of commissioners to be
appointed by this court, and judgment thereon; enacts that the commissioners shall de-
termine and award damages to the corporation, and in what proportions the same shall
be paid by two counties in which are the termini of the way, and by the cities and
towns which it crosses in a third county, (reserving, however, to the corporation the right
to appeal to a jury,) and also determine what cities and towns in the three counties are
benefited by such laying out, and in what proportions and manner they shall pay the ex-
pense of maintaining the bridges; and further enacts that so much of the way, except the
bridges, as lies within any city or town shall be maintained by that city or town, unless
in the opinion of the commissioners an undue burden will thereby be cast upon it, in

---

* Established by the St. of 1868. *c.* 168.

which event they shall determine and decree what sum in gross shall be paid to it, and by what cities or towns in the two counties in which are the termini, and whether either of those counties shall contribute to the same, and in what proportions, as a final adjustment of expense and benefit; is not unconstitutional; either in the fact of its requiring a county benefited, or towns or cities within it, to contribute towards maintaining parts of a highway in other counties; or as imposing on the judiciary the exercise of legislative or executive power, or assuming to the legislature the exercise of judicial power.

PETITION filed June 6, 1868, on the St. of 1868, *c.* 309, § 3, (which was enacted on the day previous,) for the appointment of commissioners to determine and award the amount to be paid to the petitioners, (whose turnpike, with its bridges, extended from Salem in the county of Essex to Chelsea in the county of Suffolk, crossing a portion of the county of Middlesex in its course,) and to the proprietors of Malden Bridge, (who took notice of the petition and joined in its prayer,) as damages for the laying out of the turnpike and bridges as a public way under that statute. Notice of a hearing to be had at Salem on July 7 was ordered to be served by copy on the counties of Essex, Middlesex and Suffolk, the cities of Charlestown, Chelsea, Lynn and Salem, the towns of Marblehead, North Chelsea, Saugus and Swampscott, and the Lynn and Boston Horse Railroad Company; and by publication, on all other parties interested; and was duly served and published. This hearing was adjourned to July 20, when an order was passed that all objections by the respondents to the appointment of commissioners be filed in writing on or before the 25th. On July 25 the county of Essex and the city of Charlestown filed objections accordingly; which were reserved by *Gray*, J., for the decision of the full court, the appointment of commissioners being postponed meanwhile. The substance of both sets of objections, so far as argued to the full court, is comprised in the first five of those filed by the county of Essex, which alleged that the statute was unconstitutional:

" 1. In that, for a special case, it suspends the general laws by which the making and maintaining of highways are left to the counties, and which require that counties, towns and cities shall maintain the highways within their limits; and compels the county and the cities and towns of that county, to maintain

highways in the towns and cities of another county, contrary to the Declaration of Rights, art. 10.

" 2. In that it delegates to a judicial tribunal powers which if vested in the legislature at all, cannot be delegated, nor can be exercised by any other officer or body but itself.

" 3. In that the taxes and burdens to be imposed upon the county and the towns and cities within the same are unjust and unequal, disproportionate and unreasonable.

" 4. In that said county and the towns and cities within the same are deprived of their right to a jury to determine the question of the amount to be assessed upon them.

" 5. In that said county and cities and towns are deprived of their right to a jury to determine whether any amount should be assessed upon them."

*W. C. Endicott*, for the petitioners.

*B. H. Smith*, for the county of Essex.

CHAPMAN, C. J. The petition in this case was filed under the St. of 1868, *c.* 309, by which it is enacted that the turnpike way, bridges, draws and piers, belonging to the said turnpike and bridge corporation, and lying in the cities of Salem, Lynn, Chelsea and Charlestown, and the towns of Saugus and North Chelsea, are laid out and shall become a public highway upon the acceptance of the award of commissioners to be appointed by this court or any justice thereof, and judgment thereon. Upon its becoming a highway, so much of it, excluding the abutments, bridges, draws and piers, as lies in each of said cities and towns, shall be maintained by them respectively, and they shall collect and receive from the Lynn and Boston Railroad Company such proportion of the expense of maintaining the turnpike and way as shall be due from the company under the provisions of the act; and if, in the opinion of the commissioners, any city or town shall have an undue burden cast upon it, in maintaining its proportion of the turnpike passing through it, they shall determine and decree what sum in gross shall be paid to such city or town, and by what cities or towns in the counties of Essex and Suffolk, or whether either of said counties shall contribute to said sum, and in what proportions, as a

final adjustment of expense and benefit. Section 3 provides more particularly for the award of damages to the Chelsea Bridge Corporation and Malden Bridge proprietors, and the apportionment of the amount to be paid by the counties of Essex and Suffolk and the respective cities and towns in the county of Middlesex which are benefited, and the determination of what towns are benefited, and that they shall maintain the bridges, and provides that the Salem Turnpike, Chelsea Bridge and Malden Bridge proprietors, may appeal to a jury.

Notice having been given to all persons interested in the pendency of the petition, the county of Essex appears and objects to the appointment of the commissioners. The first and principal objection is, that the legislature had no constitutional authority to pass an act of such a character. They say it suspends the general laws by which the making and maintaining of highways are left to the counties, and which require that counties, towns and cities shall maintain the highways within their limits; and compels the county, and the towns and cities within the county, to maintain highways in the towns and cities of another county.

But the legislature has always been in the habit of exercising its discretion in the distribution of public burdens of this character, and has passed acts quite similar to that now under consideration. This court has had no occasion to determine the precise limits of this constitutional authority of the legislature; but has affirmed it to a sufficient extent to cover the present case, in *Norwich* v. *County Commissioners*, 13 Pick. 60, *Attorney General* v. *Cambridge*, 16 Gray, 245, *Hingham & Quincy Bridge & Turnpike Co.* v. *Norfolk*, 6 Allen, 353, and other cases.

The distribution is not and cannot be made with exact equality. When the burden is placed on counties or towns, it is not distributed among them with exact equality. Much less is it equally distributed among the taxpayers. It can only approximate towards equality. It does this in the present case. The highway to be laid out and maintained is to be an important thoroughfare between the city of Boston and that part of the state which is to be charged with the burden. The inhabitants

of that locality are to be especially benefited by it. We cannot see that the distribution of the burden is to be in any respect less equitable than it would have been if thrown upon the towns through which the way is to pass. It must be presumed that the legislature has made it with reference to what is in fact most equitable; and nothing appears to rebut that presumption.

Another objection urged against the act is, that it delegates to a judicial tribunal powers which, if vested in the legislature at all, cannot be delegated or exercised by any other officer or body but itself.

This objection has reference to the clause of the Constitution which provides that, in the government of this Commonwealth, the legislative department shall never exercise the executive and judicial powers or either of them, the executive shall never exercise the legislative or judicial powers or either of them, and the judicial shall never exercise the legislative and executive powers or either of them. We fully appreciate the importance of this provision, and the necessity of preserving it inviolate.

In respect to the provisions of the act for laying out the highway, and making some provision for the burden of maintaining it, the power indisputably belongs to the legislature. And it was in their power to make the provision complete. *Norwich* v. *County Commissioners*, and *Attorney General* v. *Cambridge, ubi supra.* But the taking of the property of the petitioners is an exercise of the right of eminent domain; and as their property is taken for public uses they have the right of trial by jury to determine the amount of damages to which they are entitled. For this purpose it was necessary to invoke judicial power. And if the legislature found that the apportionment of the burden of providing this thoroughfare among several counties and towns required a more full and exact investigation than a committee of its own body could make, that the parties interested ought to have an opportunity to be heard by evidence and arguments, and that there should be a legal judgment to determine the matter finally, they might properly institute an investigation of a judicial character. It would be analogous to a suit in equity in which many parties are interested, and might prop-

erly be referred to a judicial tribunal. The parties are not entitled to a trial by jury; and the investigation of the matter could not be well made by a jury. The petition to this court is in the nature of the commencement of a suit; the parties interested are notified to appear; questions of law may thereupon be raised and decided by the court; and the questions now decided illustrate the propriety of the provision. The commissioners to be appointed are officers of the court, somewhat similar to masters in chancery, auditors and assessors, but with more extensive powers. Upon the return of their report, further questions of law may be raised and decided, and a judgment is to be rendered. It cannot be doubted that such proceedings are judicial in their character; and that the questions to be decided are of the same character. We cannot see that the legislature has in this case assumed the exercise of judicial power, or that it requires of this court the exercise of legislative or executive power. The subject matter of the act is such that both legislative and judicial powers may properly be exercised in respect to it.

Some other objections have been made to the proceedings; but they have not been argued, and it is not material to discuss them. *Commissioners to be appointed.*