GEORGE P. CARTER & others *vs.* CAMBRIDGE AND BROOKLINE BRIDGE PROPRIETORS & others.

A statute empowering commissioners to assess on one county part of the expense of repairing a portion of a bridge which lies in another county is constitutional.

Commissioners empowered by statute to make and report to this court such orders as they may deem expedient for rebuilding a bridge, and to order that the expense thereof shall be paid and borne by certain counties or towns, any or all of them, as they may deem just, may order a town to rebuild the bridge, and two of the counties to pay to the town, in respect to its expenses in the rebuilding, certain gross sums, to be due and payable immediately on the acceptance of their report, without requiring the town to give security for the proper employment of said sums.

PETITION by George P. Carter and others for the appointment of commissioners under the St. of 1869, *c.* 161, which provided that the Cambridge and Brookline Bridge should become a public highway upon the acceptance by this court of the report of commissioners to be appointed by it to assess the damages to any person or corporation by reason of laying out the highway, after giving due notice to the counties of Suffolk, Norfolk and Middlesex, the town of Brookline and the city of Cambridge; that such damages, and the expense of executing the statute, should be paid "to the parties entitled thereto, by the said counties, or by such of them, or by such cities or towns therein, as the said commissioners shall determine, taking into view the uses made of said bridge and the condition thereof;" and that the commissioners might make such orders as to them should seem expedient "for the future maintenance and rebuilding of said bridge and for operating the draw therein," and might "order that the expense thereof should be paid and borne by said counties, cities or towns, any or all of them, as to the said commissioners shall seem expedient and just, taking into view the uses made of said bridge and the condition thereof." Commissioners were appointed and made their report, in which they assessed $7500 as the damages to be paid to the proprietors of the bridge, two thirds by the county of Middlesex and one third by the county of Norfolk, and awarded that Cambridge and Brookline should rebuild or repair the bridge so as to render the same reasonably safe and convenient for public travel, and forever after maintain the same, Cambridge to rebuild or repair and maintain the bridge north of the dividing line through the centre of the draw, and Brookline to rebuild or repair and maintain the bridge south of said line; and that "in respect to the expenses to be incurred by the town of Brookline in carrying out the above award and order, so as to render" the bridge "reasonably safe and convenient for public travel," there should be paid to the town $5750, two thirds by the county of Middlesex, and one third by the county of Norfolk, to be "due and paid by them respectively to said town of Brookline on the acceptance of this report."

The county of Middlesex objected to the acceptance of the report; and the case was reserved by the chief justice for the determination of the full court.

*J. J. Storrow*, for the petitioners.

*D. H. Mason*, for the county of Middlesex.

*C. T. Russell*, for the bridge proprietors.

CHAPMAN, C. J. Pursuant to the provisions of the St. of 1869, *c.* 161, which makes the Cambridge and Brookline Bridge a public highway, and apportions the expense of rebuilding and maintaining the same, the commissioners appointed by this court have made a report, to which the county of Middlesex objects. The city of Cambridge in the county of Middlesex, and the town of Brookline in the county of Norfolk, are required to rebuild the bridge and keep it in repair; the north half being assigned to Cambridge, and the south half to Brook-line; the division line between them, which is also the division line of the counties, passing through the centre of the draw. The sum of $5750 is ordered to be reimbursed to the inhabitants of Brookline, and of this sum two thirds is to be paid by the county of Middlesex and one third by the county of Norfolk. Of course the money is to reimburse them for rebuilding that part of the bridge which is situated in the county of Norfolk. It is objected that this requirement is illegal. It is not denied that the terms of the statute are broad enough to sanction the decision of the commissioners; but it is objected that the legislature has no power to provide that one county shall be compelled to contribute towards erecting or maintaining a bridge in another county. But a similar objection, in behalf of a town which was required to contribute towards the expense of erecting a bridge within the limits of another town, has been held to be invalid. *Commonwealth* v. *Newburyport*, 103 Mass. 129. And the same principle must apply to a county.

The general rule, that bridges and highways shall be maintained by the counties and towns within which they are situated, originated in the legislature; and the power that established it may repeal or modify it. As a general rule, it may be substantially convenient and equitable; and either convenience or

justice may require that it shall not be inflexible. The discretionary power of the legislature in the distribution of public burdens of this character has been for a long time recognized by this court. *Norwich* v. *County Commissioners*, 13 Pick. 60. *Attorney General* v. *Cambridge*, 16 Gray, 247. *Hingham & Quincy Bridge & Turnpike Co.* v. *Norfolk*, 6 Allen, 353, 359, *Salem Turnpike & Chelsea Bridge Co.* v. *Essex*, 100 Mass. 282.

It is further objected that a specific sum is ordered to be paid by the county of Middlesex to the town of Brookline, while it does not appear what sum it will cost the town to rebuild its portion of the bridge, nor is any security required that the money shall be expended in the work. The sum is to become due on the acceptance of the report, and the bridge is not to be rebuilt till a later period. But the legal liability of the town to build the bridge is itself a security that it will be properly done. The exact expense of the work cannot be known until it is built, or at least contracted for; and an estimate of the commissioners was practically a convenient method of determining the matter. We think there can be no reasonable objection to their report. *Report accepted.*