IN THE MATTER OF THE APPLICATION OF THE COMMISSION-
ERS OF THE CENTRAL PARK to confirm the report of the
commissioners of estimate and assessment, for opening
RIVERSIDE PARK.

The courts of this State have repeatedly held that land taken, in a city, for
public parks and squares, by authority of law, whether advantageous to the
public for recreation, health or business, is taken for a public use; and there
appears to be no reason for doubt on the subject. *Per* LEONARD, J.

The constitution of this State having authorized property to be taken for pub-
lic use, and the compensation therefor to be ascertained by a jury, or by
not less than three commissioners appointed by a court of record, when these
conditions have been observed, it is not the province of this court to de-
termine, in opposition to the authority granted by the legislature, to the
commissioners of the Central Park, as to the necessity for laying out new
parks or squares.

The citizen is entitled to the absolute control of his estate, unless it is taken
for public use, in due form of law; and this right it is the duty of the court
to maintain.

His land can be so taken only by "due process of law." But when the con-
ditions required by the constitution of the State to be observed, for the pro-
tection of the rights of the citizen, have been complied with, it must be
regarded as a fulfillment of the direction in respect to "due process of law;"
whether the direction be found in the State constitution, or in the fifteenth
amendment to that of the United States.

The protection of that amendment can be invoked only when the right of the
citizen has been invaded by a disregard of the "due process of law," as
guarantied by the fundamental law of the State.

It is not a valid ground of objection to the confirmation of a report of com-
missioners of estimate and assessment in proceedings for opening a new
park, that the lands embraced in such park are not all contiguous; that is,
that there are intervening blocks and spaces not taken; where such inter-
vening spaces are not so large as to interfere with the integrity or continuity
of the plan, or the equalizing of the assessments.

Nor is it any ground of objection to such report that the commissioners have
regarded the land of a railroad company, lying within the designated
limits of the new park, and occupied by the company for its track, as not
having been taken for the use of the park, and as not requiring any estimate
for damages, or assessment for benefits.

The use of the line of the track by a railroad company is a franchise granted
by law to such company, in the nature of a contract, and as such, inviolable,
except under the general power reserved to the State, to alter or repeal the
company's charter.

LEONARD J. Many of the questions now urged might well be held to have been settled by a prior general term, when the proceedings in this matter were brought there by appeal from an order of the special term, confirming the report of former commissioners of estimate and assessment herein. That report was then set aside, new commissioners were appointed, and directions given in respect to their duties; but upholding the regularity and constitutional validity of the proceedings.

A brief reference, only, will be made to the objections founded on constitutional reasons.

The courts of this State have repeatedly held that land taken in a city for public parks and squares, by authority of law, whether advantageous to the public for recreation, health or business, is taken for a public use; and there appears to be no reason for doubt on the subject. The constitution of this State authorizes property to be taken for public use, and the compensation therefor to be ascertained by a jury, or by not less than three commissioners appointed by a court of record. (*Const.*, *art.* 1, § 7.)

These conditions appear to have been observed. It is not the province of this court to determine, in opposition to the authority granted by the legislature, to the commissioners of the Central Park, as to the necessity for laying out new parks or squares. The power to lay out new parks, &c. was given by statute, in 1867, to the said commissioners, and they have exercised it as they were authorized to do. The citizen is entitled to the absolute control of his estate, unless taken for public use, in due form of law; and this right it is the duty of the court to maintain. His land can be so taken only by " due process of law." But when the conditions required by the constitution of this State to be observed, for the protection of the rights of the citizen, have been complied with, it must be regarded as a fulfillment of the direction in respect to " due process of law;" whether the direction be

found in the State constitution, or in the fifteenth amendment to that of the United States. The protection of that amendment can be invoked only when the right of the citizen has been invaded by a disregard of the " due process of law" as guarantied by the fundamental law of the State. Any other construction of the amendment would necessarily draw to the courts of the general government all proceedings to acquire property for the public use— a result not contemplated, I think, by its framers.

The extent of the new parks &c. has been largely confided, by law, to the discretion of the commissioners of the Central Park; and the area of assessment, to the commissioners appointed by the court. We are unable to perceive that we could exercise a discretion affecting the subject, more wisely than has been done by the said commissioners. We find no ground for holding that their discretion has been unreasonably exercised, as was held in the *Matter of the Fourth Avenue*, (3 *Wend.* 452,) and in other cases.

It is also urged as an objection, that the lands of the new park are not all contiguous; that is, there are intervening blocks and spaces not taken. It is said that by this plan there are four parks laid out under this one proceeding; and that there is but one assessment of damages, while the different pieces of land so taken are of different values, are affected in different degrees, and must be accordingly assessed for benefit.

The claim that there are four parks is not well founded. There is nothing in the act requiring *all* the land within the external boundaries to be taken or included within the new park. The intervening spaces not taken in this proceeding, are not so large as to interfere with the integrity or continuity of the plan, or the equalizing of the assessment.

It is also objected that the commissioners have not taken or assessed the land occupied by the New York Cen-

tral and Hudson River Railroad Company for its track. It is embraced within the limits of the new park, as designated by the Central Park commissioners, but no estimate or assessment has been awarded for damages, or imposed for benefit, by the commissioners whose report is now under consideration. The land of the said company was acquired many years ago, for public use as a railroad, by authority of law. The authority so to use the said land has not been repealed, and no express direction has been enacted to take the land for a different purpose or public use. It requires an express manifestation, at least, of the will of the legislature that the prior devotion of the land to the use of the public, by a private corporation, for its railroad, shall be abandoned, or that another and later demand of the land for the public use shall supersede the former use, in order to justify the change. The power so to take the land after a prior devotion to a public use, cannot be implied. The continued use of the railroad is not so inconsistent with the authority to lay out a public park, embracing a part of the line of a railroad track, as to justify the taking of the land in this proceeding, and stopping its use by the railway company. The public authority may lay out a street or highway so as to intersect the route of a railway, but the use as a street or highway must be subordinated to the ordinary and necessary use of the railroad at the crossing, with the observance of the signals required by law, on the part of the railroad company.

The use of the line of the track is a franchise granted by law to the said company, in the nature of a contract, and as such inviolable, except under the general power reserved to the State to alter or repeal the act by which the said company is incorporated.

We think the commissioners of estimate and assessment properly regarded the land of said company within the designated limits of the new park, as not having been taken

for the use of the park, and not requiring any estimate for damages.

In respect to the omission to assess the land of the said company for benefit, it is necessary only to observe that the said land can be used for no purpose except that of a railway; and hence that the land itself is not benefited; or rather, the benefit will not apply to the land of the railroad company. (*The Owners &c.* v. *The Mayor &c.*, 15 *Wend.* 374–7.)

It is also urged that the costs and expenses of the proceedings had under the direction of the former commissioners of estimate and assessment, whose report, on appeal to the general term, was set aside, and the matter committed to new commissioners appointed by the general term, ought not to be included in the present report, nor assessed upon the property benefited by the proposed improvement. It appears that the new board of commissioners adopted a large part of the work of the former board, and that the labors of the new board were chiefly required in making a computation of the assessments for benefits, and estimates of damages on a different valuation of the lands affected. The other costs and expenses for work &c., including the maps and surveys found to be correct and useful, were properly allowable. The work of the new board was a continuation of that of the former one, taken at a certain point, different values being adopted.

We think that none of the objections are well taken.

The objections on behalf of Mr. Geo. H. Peck appear to be founded on a mistake as to the facts.

The report should be confirmed.

PRATT, J., concurred.

BARRETT, J., expressed no opinion as to the effect of the fifteenth amendment to the constitution of the United

Cumines *v.* Supervisors of Jefferson County.

States upon the rights of citizens of this State. He concurred in the result; holding that the property in question had been taken by " due process of law," as contemplated by the Federal as well as by the State constitution.

Report confirmed.

[FIRST DEPARTMENT, GENERAL TERM, at New York, July 23, 1872. *Leonard, Barrett* and *Pratt,* Justices.]