### ESTES HOWE & others *vs.* CITY OF CAMBRIDGE.

The St. of 1863, c. 191, empowering the mayor and aldermen of Cambridge to construct sidewalks and to assess the expense of edge-stones and covering materials upon the abutters in just proportions, is not unconstitutional for giving one aggrieved no right of appeal to a jury; or for not fixing the proportion in which the expense is to be assessed; and this court cannot say as matter of law that an assessment upon the owner of each estate of the cost of the edge-stones and covering materials laid down against that estate is an assessment made in unjust proportions.

PETITION for a writ of *certiorari* to quash the proceedings of the mayor and aldermen of the city of Cambridge, in assessing upon the abutters upon certain streets the expense of the edge-stones and covering materials used in the construction of sidewalks. The petition set forth that the petitioners were owners, respectively, of certain lots of land in Cambridge, abutting upon certain of the streets thereof ; that the mayor and aldermen of the city, proceeding under St. 1863, c. 191,* had, at various times

---

* " Whenever the mayor and aldermen of the city of Cambridge shall deem it expedient to construct sidewalks, or complete any partially constructed sidewalks, in any street of said city, they are hereby authorized to construct or complete such sidewalks with edge-stones, and in front of buildings or occu-

authorized the construction and completion of certain sidewalks and partially constructed sidewalks, in front of the petitioners' lots ; that they had assessed the cost of the edge-stones and covering materials laid down in front of each estate, upon the owner of such estate, and had caused warrants to be issued to the collector of taxes to levy and collect the several sums so assessed ; that the collector of taxes had issued a notice that he would sell so much of the petitioners' estates, respectively, as should be sufficient to discharge the assessments and all intervening charges.

The petition represented that the proceedings under the act were illegal and void, for the following reasons :

" 1. That said act is unconstitutional and void, in that it gives no right of appeal to a jury to any person aggrieved by the doings of the said mayor and aldermen, in the premises, and thereby de prives your petitioners of their constitutional right.

" 2. That said act does not fix the proportion in which the expense of edge-stones and covering materials shall be assessed upon the abutters.

" 3. That said mayor and aldermen have not assessed the expense of edge-stones and covering materials in just proportions upon the abutters, including your petitioners, but have followed an arbitrary rule without regard to the circumstances of the case, and have, in all instances, assessed the cost of the edge-stones and covering materials laid in front of each lot upon the owner of said lot, without reference to the depth or assessed value of said lots, though they differ greatly in these respects."

---

pied premises, to cover the same with brick or flat stones; and they are further authorized to cover such sidewalks in front of vacant lots of land, with brick, flat stones, or plank supported by timber ; and the expense of such edge-stones and covering materials shall be assessed upon the abutters in just proportions, and shall constitute a lien upon the abutting lots of land, and be collected in the same manner as taxes on real estate now are; and such sidewalks, when constructed and covered with brick or flat stones, as aforesaid. shall afterwards be maintained at the expense of the city. Whenever any such sidewalk shall be covered with brick or flat stones, there shall be deducted from the assessment therefor any sum which shall have been previously paid the city by the abutter for any plank covering of the same."

The respondents filed the following answer:

" The city of Cambridge, in answer to said petition, admits that the petitioners are seised, respectively, of certain lots of land; that under and by virtue of chapter 191 of the Statutes of this Commonwealth, for the year 1863, sidewalks have been constructed and completed; that the cost of the edge-stones and covering materials have been assessed; that warrants have been issued for the collection of said assessments, and that the said estates have been advertised for sale, for the collection of said assessments, all as alleged in said petition. It denies that said act is unconstitutional and void for any reason set forth in said petition, or for any other reason. It avers that said assessments are just and proportionate, and that the said act is constitutional and valid. It denies everything in said petition not hereinbefore expressly admitted."

No fact being in dispute, the case was reserved by *Devens, J.* for the full court.

*H. W. Paine & C. E. Hubbard,* for the petitioners.

*J. W. Hammond,* for the respondent.

COLT, J. The St. of 1863, c. 191, authorizes the mayor and aldermen of the city of Cambridge to assess upon the abutters in just proportions the expense of the edge-stones and covering materials for sidewalks constructed under their order. Assessments have been made under this act, and the plaintiffs, in a petition for a writ of *certiorari,* object to their validity, and ask that the city may be prevented from collecting them.

It is alleged that the act is unconstitutional. 1. Because no right of appeal to a jury is given to a party aggrieved by the doings of the mayor and aldermen. But in cases like this, there is no right of appeal secured by the Constitution. The purpose of the act is to provide for certain local improvements in public streets, the expense of which shall be partly borne by those immediately interested and whose estates are benefited thereby. It has been repeatedly held by this court that this is a mode of taxation which the Legislature may well adopt. It is clearly distinguishable from the exercise of the right of eminent domain, and does not, like that, require that a right of appeal to a jury should

be secured.  *Jones* v. *Aldermen of Boston*, 104 Mass. 461, 467. *Salem Turnpike* v. *Essex*, 100 Mass. 282, 287.  *Goddard, petitioner*, 16 Pick. 504.

2.  As an exercise of the power of taxation, the act is objected to as unconstitutional, because the rule of proportion to be followed in making assessments has not been fixed by the Legislature.  The act provides that a definite portion of the expense of the improvement, namely, the cost of the edge-stones and covering materials, " shall be assessed upon the abutters in just proportions," deducting from the assessment all sums which may have been previously paid to the city by the tax-payer for previous improvements.  This plainly requires that the assessment be laid equally upon the abutting estates, which, from the nature of the work, must be immediately benefited.  The limits of the locality subject to the burden are fixed by the act with sole reference to these special benefits, and a rule is given by which the entire expense is divided between the abutters and the city.  The rule of apportionment is uniform throughout the taxing district, and sufficiently approaches equality.  The principle of taxation here adopted has been repeatedly applied by the Legislature with reference to sidewalks and other local improvements, and under the decisions of this court the power is not open to constitutional objection.  *Lowell* v. *Hadley*, 8 Met. 180.  *Springfield* v. *Gay*, 12 Allen, 612.  *Goddard, petitioner, supra*.  *Salem Turnpike* v. *Essex, supra*.  *Haverhill Bridge* v. *County Commissioners*, 103 Mass. 120.  *Dow* v. *Wakefield*, 103 Mass. 267.  *Carter* v. *Cambridge Bridge*, 104 Mass. 236.  *Dorgan* v. *Boston*, 12 Allen, 223, 235, 240.  *Jones* v. *Boston*, 104 Mass. 461, 467.

3.  It is finally objected that the mayor and aldermen, under the power given them, did not in fact assess the abutters in just proportions.  The case is reserved upon petition and answer and upon the facts disclosed.  We cannot say, as matter of law, that the principle adopted by the board was not in compliance with the requirements of the act, or that under it the assessment was made in unjust proportion.  *Petition dismissed.*