## CASE OF THE NORTHAMPTON BRIDGE.

Hampshire.    Jan. 6.— 11, 1875.    ENDICOTT & DEVENS, JJ., absent.

The St. of 1871, c. 177, declares the bridge over the Connecticut River, between the towns of Northampton and Hadley, to be a public highway upon the acceptance by this court of the award of commissioners to be appointed under the act. It then provides that the commissioners shall determine the amount of the damages to the proprietors of the bridge, and what proportions of the damages shall be paid by the towns benefited and by the county of Hampshire; that the decree of the commissioners shall be made to this court for said county, and also to the bridge proprietors, to each of said towns, and to the county commissioners of said county; that the decree shall be binding upon all the parties interested, reserving a right of appeal to a jury; and that " if neither party shall so appeal to a jury within sixty days after receiving the award and decree of said commissioners, as aforesaid, then the same shall be absolutely binding upon all the parties interested therein." The commissioners made their award to this court, and it was filed in the

clerk's office, but not during a term of the court; it was also made on the same day to the parties interested. The award stated the rulings of the commissioners on various questions of law which they therein reserved for the consideration of this court. At the next term of this court in said county, but more than sixty days after the award was made and filed, some of the parties interested claimed an appeal to a jury. *Held*, that in the absence of an appeal to a jury, the award of the commissioners was final, and that they could not reserve questions of law for the consideration of this court. *Held, also*, that the appeal to a jury was taken too late, and that the award must be accepted.

PETITION of the selectmen of Hadley, praying for the appointment of commissioners under the St. of 1871, *c.* 177, entitled "An act to make the Northampton Bridge free."

Commissioners were appointed, who heard the parties, and made an award, in which they determined the amount which should be paid as damages to the proprietors of the bridge; and decreed that the towns of Northampton, Hadley and Amherst were specially benefited, and that they and the county of Hampshire should pay these damages in certain proportions, and also the expenses of keeping the bridge in repair; and submitted to the court their rulings upon various questions of law, which arose at the hearing before them, and which it is now unnecessary to state.

The report of the commissioners was directed to this court, and filed in the clerk's office on June 27, 1874; and copies thereof were on the same day sent to, and received by, the proprietors of the bridge, the said towns and the county of Hampshire.

On September 14, 1874, the county commissioners of the county of Hampshire, in behalf of the county and of the towns of Northampton and Amherst, filed a motion that the report of the commissioners be rejected, for errors in certain rulings of the commissioners; and on the same day, in behalf of said county and towns, and also of the town of Hadley, filed in this court an appeal from the decree of the commissioners "to a jury, to be empanelled by said court for a rehearing and trial of all the issues, the determination and decision of which, by the said commissioners, has been returned and certified to said court."

On September 16, 1874, the proprietors of the bridge moved that the report of the commissioners be accepted, and judgment entered thereon.

The case was reserved by *Colt*, J., for the consideration of the full court, on a report setting forth the above facts, and concluding as follows :

" The said parties are to be heard on the question whether the county of Hampshire, or the towns of Northampton and Amherst,' now have a right of appeal, and on all the questions referred by the commissioners and arising on this report; all subject however to the preliminary objection reserved by the said proprietors, that not only is there no right of appeal, but that the decision of the commissioners on all questions of law as well as fact arising in the regular proceedings before them, including the questions made before them and stated in their report, was final, and not to be revised or corrected in this court; and such judgment, further order or direction in the case is to be made by this court as law and justice may require."

*M. P. Knowlton*, for the petitioners.

*S. T. Spaulding*, for the bridge proprietors.

*D. W. Bond*, for the county of Hampshire.

*C. Delano*, for the town of Northampton.

GRAY, C. J.   The St. of 1871, *c.* 177, is a legitimate exercise of the power of the Legislature to lay out public highways.   The proprietors of the bridge and property, thereby taken for the purpose under the right of eminent domain, were doubtless entitled by the Constitution to a jury to assess their damages.   But the question whether the county, and any and which towns therein, should bear the burdens of paying such damages, and of maintaining and repairing this public highway for the future, and in what proportions, was to be determined by the Legislature, or in such manner as it should direct, without any right to a trial by jury, except at its discretion.   *Hingham & Quincy Bridge* v. *Norfolk*, 6 Allen, 353.   *Salem Turnpike & Chelsea Bridge* v. *Essex*, 100 Mass. 282.   *Haverhill Bridge* v. *County Commissioners*, 103 Mass. 120.   *Scituate* v. *Weymouth*, 108 Mass. 128.

1. The statute allows any party aggrieved by the award of the commissioners to appeal to a jury, and expressly declares that the award of the commissioners " shall be binding upon all parties interested," except for such appeal, and, if neither party so appeals within a limited time, " shall be absolutely binding upon all the parties interested therein."   If the appeal to a jury is by the

proprietors of the bridge, like proceedings are to be had as upon the ordinary laying out of a highway ; the application for a jury is to be made to the county commissioners, and questions of law arising at the trial before the jury may be decided by the Superior Court, and, upon bill of exceptions or appeal for matter of law apparent on the record, by this court. If the appeal to a jury is by the county commissioners, (as it may be, in behalf either of the county or of any town affected by the award,) the Legislature seems to have considered it not fitting that the county commissioners, being the nominal appellants, should hear the application for a jury, and has provided that the appeal shall be to this court ; and, upon a trial by a jury summoned for the purpose by this court, questions of law might be raised and decided. St. 1871, *c.* 177, §§ 2, 3.

The Legislature having thus afforded a method of reviewing, at the appeal of either party, the award of the commissioners as to the amount of damages to be paid to the proprietors of the bridge, or by the county or any town therein ; and declared that, if neither party so appeals, the award of the commissioners shall be absolutely binding upon all parties interested; has clearly manifested its intention that any question of law or fact, involved in such estimate of damages by the commissioners, should be decided by them, and not be open to revision in this court by way of exception to their award. The commissioners in the present case, having ruled upon all such questions as they arose, and returned their award accordingly, had exhausted their authority in the premises, and their attempt to submit the correctness of their rulings to this court was nugatory. *Peabody* v. *School Committee of Boston*, 115 Mass. 383. The objections made to the award of the commissioners, and the motion based upon those objections, must therefore be overruled.

In the case of *Salem Turnpike & Chelsea Bridge* v. *Essex*, 100 Mass. 282, on which the appellants rely, the only questions of law, entertained by the court on the return of the award of the commissioners, related to the constitutionality of the statute under which they were appointed.

2. The remaining question, reserved by the report of the justice before whom the present case was heard, is whether the appeal of the county commissioners to a jury was in time.

It was argued by the learned counsel for the appellants, that as the statute requires the award and decree of the commissioners to be "made in writing and reported to the Supreme Judicial Court for the county of Hampshire," it must be returned at a regular term of the court, and that the time limited for an appeal cannot begin to run until it is so returned.

But the statute requires the award to be made and reported in writing, not only to this court, but also to the proprietors of the bridge, to the towns charged, and to the county commissioners. Either party, whether it be the proprietors of the bridge, whose application for a jury must be made to the county commissioners, or the county commissioners acting in behalf of the county or towns, whose appeal lies directly to this court, is required to " appeal to a jury within sixty days," not after the return of the award to this court or to the county commissioners, but " after receiving the award and decree of said commissioners as aforesaid." And it is only the taking or claim of an appeal by the party, requiring no judicial action for its allowance, which is to be within the sixty days. The only reasonable construction of the statute is, that the award of the commissioners, as soon as made in writing, is to be reported at once to the clerk's office of this court, to the proprietors of the bridge, to the towns affected by the award, and to the county commissioners, without waiting for a regular term, either of this court or of the county commissioners; and that the claim of an appeal must be filed in the clerk's office of this court within sixty days thereafter.

Neither the county commissioners, nor any other party interested, having taken any steps towards appealing from the award for more than sixty days after receiving it, it must, by the express terms of the statute, be held to be absolutely binding.

*Award accepted.*