*Exceptions overruled.*

---

### COUNTY COMMISSIONERS OF HAMPSHIRE, petitioners.

Hampshire.   Sept. 15. — Oct. 26, 1885.   FIELD, C. ALLEN, & GARDNER,
JJ., absent.

The St. of 1875, *c.* 200, provided that the county commissioners of Hampshire
   should make certain public improvements, paying the cost in the first instance
   out of the county treasury ; that, after the completion of the work, this court
   should appoint three special commissioners, who should determine and decree
   what towns, persons, and corporations, including the county, were benefited by
   said work, and what proportion of the cost of the work should be paid severally
   by them ; that such commissioners should make their report to this court ; and
   that, when accepted and judgment entered thereon, it should be absolutely bind-
   ing upon all parties interested ; but that any party affected by the decree and
   determination of the commissioners might appeal to a jury.   *Held*, that the spe-
   cial commissioners were not authorized by the statute to reserve questions of
   law for the determination of this court.

PETITION, by the county commissioners of Hampshire, under the St. of 1875, c. 200, for the appointment of commissioners to determine the parties benefited by defences to protect the banks of the Connecticut River, built in accordance with the provisions of said statute, and to apportion the cost thereof. Hearing upon the report of the commissoners, before *C. Allen*, J., who reserved the case for the determination of the full court. The facts appear in the opinion.

*W. G. Bassett*, for the county.

*T. G. Spaulding*, for the city of Northampton.

*J. C. Hammond*, for the town of Hadley.

*E. Parsons*, for the Massachusetts Central Railroad Company.

MORTON, C. J. By the St. of 1875, c. 200, the county commissioners of Hampshire County are required to make the public improvements therein provided for, paying the cost in the first instance out of the county treasury.

After the completion of the work, this court is authorized to appoint three special commissioners, who shall determine and decree what towns, persons, and corporations, including said county, are benefited by said work, and what proportion of the cost of said work shall be paid severally by them. They are to make their report to this court, and, when it is accepted and judgment is entered thereon, it is to be absolutely binding upon all parties interested. But any party affected by the decree, and dissatisfied with the determination of the commissioners, may appeal to a jury, and thus revise the decree and determination of the commissioners. The statute vests in the commissioners the authority, and makes it their duty, to decide all questions of law and fact which arise in the hearing before them; and the law furnishes no means of revising their decisions, whether upon law or fact, except by the appeal provided for in the statute. They have no authority to reserve questions of law for the determination of this court, and cannot, by so doing, vest in the court jurisdiction to hear and determine such questions. *Northampton Bridge case*, 116 Mass. 442.

In this case, the commissioners determine that the railroad built by the Massachusetts Central Railroad Company has been benefited by the work done by the county commissioners, and submit to this court the question which of three parties shall

pay for such benefits.  This they have no right to do.  It is their duty to decide this question, and the only mode of revising their decision is by an appeal by the party aggrieved, upon the hearing of which the question can be raised in this court.  If any effect could be given to their reservation, the result would be that the party finally held liable to pay for these benefits would lose his right of appeal.  He could not know that he was aggrieved until it was too late to appeal.

The report of the commissioners is imperfect and incomplete. No judgment can be rendered upon it as it stands, and we are therefore of opinion that it must be recommitted.  Until the award is amended and returned to the court, and the case is ready for some final judgment, it is premature to raise any questions of law under it.  The reservation must be discharged, and the report recommitted to the commissioners.

*Ordered accordingly.*