CITY OF BOSTON *vs.* CITY OF CHELSEA & others.

Suffolk.   March 18, 1912. — May 24, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DECOURCY, JJ.

*Constitutional Law*, Separation of powers.   *Suffolk County*.

Res. 1910, c. 109, as amended by St. 1911, c. 482, requiring the Supreme Judicial
Court upon application of any of the municipalities of Boston, Chelsea, Revere
or Winthrop to appoint commissioners, who after application and hearing shall
consider and report upon "an adjustment and apportionment, if any, of the
expenses of the county of Suffolk and the proportion thereof, if any, that
should fairly be borne" by the municipalities of Chelsea, Revere and Winthrop,
and providing that the decree of the court confirming the decision of the com-
missioners shall be final and binding, is unconstitutional as an attempt to trans-
fer to the judicial department a legislative power, in authorizing the court by
a decree of confirmation to establish a rule of taxation by which some of the
general burdens of government would be supported and also to repeal the exist-
ing provisions of law found in R. L. c. 20, § 7, and St. 1909, c. 490, Part I, § 52,
which require the city of Boston to pay all charges of the county of Suffolk
and exempt Chelsea, Revere and Winthrop from taxation for county purposes.

PETITION, filed in the Supreme Judicial Court on November
16, 1911, by the city of Boston under Res. 1910, c. 109, as amended
by St. 1911, c. 482, asking for the appointment of a commission
to consider and report what proportion of the expenses of the
county of Suffolk, if any, should be borne by the city of Chelsea
and the towns of Revere and Winthrop. The respondents the
city of Chelsea and the town of Revere demurred and the respond-
ent the town of Winthrop filed an answer containing a demurrer,
all of them alleging that the resolve and statute were unconsti-
tutional. The case came on to be heard by *Braley,* J., who, deem-
ing that the question raised was of such importance that it should
be decided finally before any further steps were taken, reported
the case for determination by the full court. If the demurrers
and so much of the answer as was by way of demurrer were over-
ruled, commissioners were to be appointed; if the demurrers were
sustained, the petition was to be dismissed.

*J. J. Corbett,* for the petitioner.

*S. R. Cutler,* (*H. W. James* with him,) for the city of Chelsea
and the town of Revere.

*H. W. Orcutt,* for the town of Winthrop.

RUGG, C. J.    Article 30 of the Declaration of Rights of our
Constitution provides that "In the government of this Common-
wealth, the legislative department shall never exercise the execu-
tive and judicial powers, or either of them: the executive shall
never exercise the legislative and judicial powers, or either of them:
the judicial shall never exercise the legislative and executive powers,
or either of them: to the end it may be a government of laws and
not of men." It has been decided many times that the Legis-
lature cannot delegate the power to make laws conferred upon
it by a constitution sharply separating the three departments of
government. *Wyeth* v. *Cambridge Board of Health,* 200 Mass.
474, 481. *Commonwealth* v. *Maletsky,* 203 Mass. 241, 247. *Brad-
bine* v. *Revere,* 182 Mass. 598, 600. *Opinion of the Justices,* 160
Mass. 586. *Stone* v. *Charlestown,* 114 Mass. 214, 220. When the
attempt is to confer the power to make laws upon one of the other
two departments of government, there is encountered the double
prohibition of the Constitution against delegation of the law-making
powers by the legislative, and against the exercise of that power
by the co-ordinate department. It applies as strongly to the one
as to the other. It is operative in equal degree upon the judicial
and upon the other two departments of government. *Case of
Supervisors of Election,* 114 Mass. 247. The question is whether
Resolves of 1910, c. 109, as amended by c. 482 of the Acts of 1911,
violates this article of the Constitution by imposing a law-making
power upon the judicial department.

In substance, the act requires the Supreme Judicial Court
upon application either by Boston, Chelsea, Revere or Winthrop
(which municipalities constitute the county of Suffolk) to appoint
commissioners, who after hearing shall "consider and report upon
such an adjustment and apportionment, if any, of the expenses of
the county of Suffolk and the proportion thereof, if any, that
should fairly be borne by said municipalities of Chelsea, Revere
and Winthrop, as they may deem to be just and practicable.
. . . Said commission . . . shall return their decision to the
Supreme Judicial Court at such time as the court may order, and
the decree of said court confirming the decision shall be final and
binding." R. L. c. 20, § 7, provides that the city of Boston shall
furnish all necessary public buildings and pay all charges of the
county of Suffolk with comparatively insignificant exceptions, while

St. 1909, c. 490, Part I, § 52, expressly exempts the other municipalities of that county from all county taxes. Counties in Massachusetts are territorial subdivisions of the State bounded and organized by the Legislature for political purposes and the administration of government. They may be changed at the will of the Legislature, and the character and extent of the sovereign powers to be exercised through them are subject to modification in like manner, according to legislative judgment of the requirement of the interests of the public. *Opinion of the Justices,* 6 Cush. 578. Manifestly the determination of the functions of counties and the distribution of governmental authority among them is purely legislative in its nature. It partakes in no respect of the characteristics of judicial proceedings or determinations. The administration of county affairs and the division of county expenses in every revision of the body of our statutes has been the subject of one or more chapters. The payment of the expenses of the county of Suffolk by the city of Boston has been required by legislative provision since St. 1821, c. 109.

Analysis of the terms of the statute now under consideration shows that it contains no decision by the Legislature touching the division of expenses of Suffolk County among its constituent cities and towns, and that it does not disclose a determination to change the existing law upon the subject. It requires an examination into the matter by a commission appointed by the Supreme Judicial Court. The only rule prescribed for their guidance is that they shall report such apportionment of the county expenses, if any, as they think should fairly be borne by the other municipalities as matter of justice and feasibility. The fullest discretion is vested in the commission to report in favor of a continuance of the present plan or any modification of it, which in view of practical and equitable considerations in fairness seems to them wise. The commission is not required to report to the Legislature in order that it may act in the light of the recommendations and reasoning resulting from their investigation and deliberations. But the "decision" is to be made to the court, and to become operative by virtue of its decree of confirmation. The result of such a decree would be legislative in two respects. It would establish a rule of taxation by which some of the general burdens of government would be supported. It would also effect the repeal of the existing

provisions of general law found in R. L. c. 20, § 7, and St. 1909. c. 490, Part I, § 52, without any act of the General Court. This is a delegation of a legislative function. If assumed by the court, it would be an exercise by the judicial department of legislative powers.

It is urged in behalf of the petitioner that the requirement of the statute is in substance and effect the same as that contained in several acts providing for the apportionment of the expenses of improvements for metropolitan sewerage and park districts, the constitutionality of which was upheld in *Kingman, petitioner,* 153 Mass. 566. The difference, however, between the principles upon which that case was decided and the present, although narrow, is clear.

The Legislature was dealing in the statute then under consideration with a specific public improvement, the expense of which was to be borne by cities and towns designated in the statute itself. The district and the benefit accruing from the improvement was declared by the Legislature. Only the apportionment of the expense in a just manner was left to the court and the commission appointed by it. The present statute does not relate to a particular improvement, but to the ordinary expenses of a subdivision of the government. The ascertainment of the cities and towns deriving special and peculiar benefits from a designated public improvement has been left by the Legislature to the determination of commissioners appointed by this court or by the Governor and Council in numerous instances. *Salem Turnpike & Chelsea Bridge Co.* v. *County of Essex,* 100 Mass. 282. *Northhampton Bridge case,* 116 Mass. 442. *Brayton* v. *Fall River,* 124 Mass. 95. *Agawam* v. *Hampden,* 130 Mass. 528. *County Commissioners, petitioners,* 140 Mass. 181. *In re Metropolitan Park Commissioners, petitioners,* 209 Mass. 381. *De las Casas, petitioner,* 178 Mass. 213; *S. C.* 180 Mass. 471. *Dow* v. *Wakefield,* 103 Mass. 267. *Carter* v. *Cambridge & Brookline Bridge Proprietors,* 104 Mass. 236. *Scituate* v. *Weymouth,* 108 Mass. 128. Such an inquiry is quasi judicial in its nature, and may well be left to the decision of persons appointed by and reporting to the court in accordance with established judicial usages. It is different in kind from the determination of the municipalities which should bear the general burdens of public administration and the propor-

tions in which they should contribute, which is a question rather of political or governmental expediency. Moreover, the effect of the report when confirmed by the court would be to repeal statutes now in force, which would of itself be a legislative rather than a judicial act. If the Legislature should name the cities and towns by which the expenses of Suffolk County should be borne, and provide for the apportionment between those designated according to principles of justice and fairness a different question would be presented, which need not be considered now.

The conclusion follows that the statute under which this petition is brought goes beyond the power of the legislative department of government in the delegation of a distinctly legislative function to the judicial department, and hence is unconstitutional.

*Petition dismissed without costs.*