CHARLES ROBERTS & another *vs.* BOSTON & LOWELL RAILROAD CORPORATION.

Suffolk. March 9.— April 1, 1874. COLT & ENDICOTT, JJ., absent.

An application for a jury to assess damages for land taken in Boston under the St. of 1869, *c.* 291, § 5, cannot be made to the Superior Court at a term later than that next after the estimate of the commissioners named in that statute is made known to the parties.

PETITION filed in the Superior Court October 16, 1872, for a jury to assess damages occasioned by the taking of the petitioners' land on Causeway Street, Boston, by the defendant by virtue of the St. of 1869, *c.* 291.

At the hearing in the Superior Court on agreed facts it appeared that the defendant petitioned the Supreme Judicial Court for Suffolk County, under § 5 of said act, to appoint a board of commissioners to estimate and adjudicate the damages for taking lands and properties by virtue of said act. On said petition, full notice having been given to all parties interested and the petitioners appearing, the Supreme Court appointed three disinterested persons a board of commissioners to estimate and adjudicate said damages. A hearing was had before the board of commissioners upon the adjudication of damages, at which the

petitioners were present and were heard. After a full hearing said commissioners estimated and adjudicated the petitioners' damages occasioned by the taking of their land and properties by the defendant, and made a report in writing of said adjudication to the Supreme Judicial Court for this county, which report was opened and filed in said court, October 17, 1871. This adjudication and estimate was known to the petitioners within one week of the time it was so opened and filed.

On these facts judgment was ordered for the defendant, and the petitioners appealed to this court.

*H. W. Paine,* for the petitioners.

*J. G. Abbott,* for the defendant.

WELLS, J. The only question presented for our decision, by this agreed statement, is whether the application for a jury to assess damages for land taken under the St. of 1869, *c.* 291, was made in the mode and within the time prescribed by law. The only point argued before us is that as to the limit of time. The statute, § 5, provides as follows :

" The laws of the Commonwealth relating to the taking of lands for railroad purposes and the location and construction of railroads, shall be applicable to, and govern the proceedings in the taking of the lands described in the preceding sections ; except that instead of the county commissioners, three disinterested persons shall be appointed by the Supreme Court as a board of commissioners, to adjudicate the damages for the taking of said lands and property, from whose decision an appeal to a jury shall lie in behalf of either party, as is provided in cases of lands taken for railroad purposes."

By the Gen. Sts. *c.* 63, §§ 21 & 22, it is provided in cases of lands taken for railroad purposes, that the damages " shall upon the application of either party be estimated by the commissioners in the manner provided in laying out highways ; " and " Either party, if dissatisfied with the estimate made by the commissioners, may, at any time within one year after it is completed and returned, apply for a jury to assess the damages."

This application is also to be made to the county commissioners, who thereupon issue their warrant for a jury to be summoned by the sheriff ; and the trial takes place in the county before the sheriff, or some person specially designated to preside.

But if the lands taken by a railroad corporation by virtue of its charter are within the city of Boston, it is provided by §§ 36 & 37, of the same chapter, that the board of aldermen shall " have all the power of commissioners in like cases ; " except that " Either party, if dissatisfied with the estimate of damages thus made by the board of aldermen, may apply for a jury at the next term of the Superior Court for the county, after the estimate is made known to the parties."

The land in this case was within the city of Boston ; the statute contemplated the taking of lands in the city of Boston only ; the application for a jury was made within one year after the estimate of the commissioners was completed and returned, but not at the next term of the Superior Court for the county after the estimate was made known to the parties.

The petitioners rely upon the phraseology of the section of the statute above quoted, contending that as the commissioners appointed under it are to act " instead of the county commissioners," it must have been intended that those provisions of the General Statutes and only those which are applicable to proceedings before county commissioners, should govern the proceedings under this statute.   If we were to adopt this construction so far as to give the petitioners the benefit of the provision of law allowing them to apply for a jury at any time within one year from the return of the estimate by the commissioners, it would not avail to support this application ; because it was not made to the tribunal contemplated by the provisions which contain that limitation of time, nor to one corresponding thereto or acting instead thereof.

When this application was made and until the St. of 1873, *c.* 261, there was no general provision of law for a jury in cases of land taken for railroad purposes, by application to the Superior Court, except in cases of land taken within the city of Boston. And the right so to apply to the Superior Court for the county of Suffolk was expressly limited to the next term after the estimate was made known to the parties.

This application must fail therefore, whether the construction contended for be adopted or rejected ; and the judgment of the Superior Court dismissing the same must be          *Affirmed.*