## CASE OF THE SUNDERLAND BRIDGE.

Franklin.   Sept. 19. — Oct. 18, 1876.·   COLT & MORTON, JJ., absent.
      Feb. 28. — May 3, 1877.   COLT, LORD & SOULE, JJ., absent.

The St. of 1875, c. 175, declares the bridge over the Connecticut River, between the towns of Sunderland and Deerfield, to be a public highway upon the acceptance by this court of the award of commissioners to be appointed under the act. It then provides that the commissioners shall determine the amount of the damages to the bridge proprietors, (whose charter had thirty-two years to run before its ex piration,) for the "laying out of said bridge, piers and abutments and way as a public highway, and for the land, toll-house and all the appurtenances thereof lying east of said bridge, belonging to the said proprietors," and what proportions of the damages and of the expenses of the maintenance and repairs of the bridge, abutments, piers and way and of those properly incurred under the provisions of the act, and in what manner, shall be paid by the towns benefited and by the county of Franklin; that the award of the commissioners shall be made to this court for said county, and also to the bridge proprietors, to each of said towns and to the county commissioners of said county; that the award shall be binding upon all the parties interested, reserving a right of appeal to a jury to the bridge proprietors or to the county commissioners of said county, in behalf of the county " or any or all of said towns affected by said award; " and that " if neither party shall so appeal within sixty days after receiving the award of said commissioners, as aforesaid, then the same shall be absolutely binding upon all the parties interested therein." The commissioners made their award to this court, which was reported to the parties interested on February 8, 1876, and filed in the clerk's office on February 9, 1876. At April term 1876, of this court in said county, the county commissioners claimed an appeal to a jury from the award of the commissioners, excepting that part of it which fixed the amount of the damages to the bridge proprietors, from which no appeal was taken. *Held,* that the statute allowed an appeal only as to the amount of damages awarded to the proprietors of the bridge, and not as to the proportions of such damages to be paid by the county and towns; that, no effectual appeal having been taken within the sixty days, the award became final; and the fact that the superstructure of the bridge was after-wards blown into the river by a storm was no cause for not rendering judgment on the award.

PETITION of forty-nine legal voters of the towns of Sunder-land and Deerfield, praying for the appointment of commission-

ers under the St. of 1875, *c.* 175, entitled "An act relating to Sunderland Bridge."

Commissioners were appointed, who heard the parties, and made an award, in which they determined that the sum of $21,000 should be paid to the proprietors of the bridge "as damages for laying out of said bridge, piers and abutments as a public highway, and for the land, toll-house and all the appurtenances thereof lying east of said bridge;" and decreed that the towns of Sunderland, Deerfield and Whately were specially benefited, and that they and the county of Franklin should pay these damages in certain proportions, and also the expenses of keeping the bridge in repair.

The report of the commissioners was directed to this court, and filed in the clerk's office on February 9, 1876; and on the preceding day copies thereof were sent to, and received by, the proprietors of the bridge, the said towns and the county of Franklin.

The county commissioners of the county of Franklin, on behalf of the county, appealed to this court at April term 1876, " to a jury to be empanelled according to law for a rehearing and trial of all the issues, the determination and decision of which, by said commissioners, has been returned and certified to this court excepting so much of said award as fixes the amount to be paid to the proprietors of the Sunderland Bridge as damages for laying out of said bridge, piers and abutments and way as a public highway, and for the land, toll-house and all appurtenances thereof, lying east of the bridge, belonging to the said proprietors, from which no appeal is taken."

At the same term, the proprietors of the bridge moved that the award be accepted. *Gray*, C. J., dismissed the appeal, and accepted the award. The county commissioners appealed to the full court.

*S. O. Lamb*, for the county of Franklin.

*G. M. Stearns*, for the bridge proprietors.

DEVENS, J. The appeal of the county commissioners from the award of the commissioners on Sunderland Bridge is not well taken. Even if they were entitled to appeal from a part only of the award, which we do not intimate, they were not entitled by an appeal to bring before a jury the inquiry whether

the burden of paying the damages awarded, and of maintaining and repairing the bridge as a public highway, was rightly distributed by the bridge commissioners. There was no right, on the part of the county or towns interested, to a trial by jury upon this issue, except at the discretion of the Legislature. *Northampton Bridge Case*, 116 Mass. 442, 444. An examination of the St. of 1875, c. 175, sufficiently shows that, upon this issue, no such trial was accorded, and that the bridge proprietors, as well as the county and towns interested, were entitled to appeal as to the amount awarded, and as to that only.

The provision for an appeal in the St. of 1875, c. 175, § 2,* differs from a similar provision in the St. of 1871, c. 177, in this, that the word "of" is omitted before the word "any" in the clause which provides for those in whose behalf the appeal shall be made, but the subsequent provisions make it clear that no alteration was intended, and that the county commissioners were to have the right to appeal on behalf of the county, or of any or all the towns interested. As in the St. of 1871, c. 177, the matter of the award is treated as if only two parties existed. There is no tribunal provided, except for the case of an appeal by the proprietors, when it is to be to a jury summoned by the county commissioners; or for that of an appeal by the county commissioners, when it is to be to this court. If the right to appeal exists upon the question of the amount of damages alone, the interests of the county and the towns are identical, and the county commissioners would properly and naturally represent the rights of all. This would obviously be impossible if the same right existed as to the distribution, where the interests of the various public bodies liable to be charged would be adverse.

Apart also from the provision as to those by whom the appeal shall be taken, the argument, there being no express enactment that there may be an appeal as to the distribution, that none was intended, is very strong. Such an appeal would require not only that the county and towns mentioned in the award should be brought before the jury, but also all other towns in the coun-

---

* This provision is that the award "shall be binding upon all parties interested therein, except that the said proprietors, or the county commissioners of said county of Franklin in behalf of said county or any or all of said towns affected by said award, may appeal to a jury."

ties of Franklin and Hampshire, as all are liable to have a por‑ tion of the expense assessed upon them. It would be heard by jurors drawn entirely from one county to adjudicate upon the lia‑ bilities of towns in another county as well as their own, when the interests of the county and towns in which they resided would be directly in conflict. Instead of presenting one or more sim‑ ple and direct issues with which a jury could readily deal, an appeal of this character would present a series of inquiries so complicated and involved that such a tribunal would be much embarrassed in attempting to adjust the relative rights of all the parties interested.

We are therefore of opinion that the county commissioners, on behalf of the county, or on that of any or all the towns inter‑ ested, on the one side, and the proprietors, on the other, had each the right to appeal as to the amount awarded, but that no more was given to either, and that the manner in which this public burden was to be distributed and borne was to be finally decided by the commissioners appointed under the statute.

*Appeal dismissed.*

On December 4, 1876, the proprietors of the bridge moved that judgment be entered on the award of the commissioners, and, on January 20, 1877, to which date the hearing on the mo‑ tion was postponed, at a hearing before *Devens*, J., it appeared, by agreement of parties, that on December 9, 1876, pending the motion, the superstructure of the bridge above the piers and abutments was totally destroyed by being blown therefrom, by the wind and storm of that date, upon the ice in the river be‑ low; and that the proprietors of the bridge continued to take toll from travellers upon it, under their charter, up to and upon the day it was so destroyed. On these facts, the county of Franklin objected to the entry of judgment on the award, on the ground that the portion of the bridge so destroyed was the main consideration for the award to be paid by the county and the towns specially benefited, and for the further award for de‑ fraying the expenses for the future maintenance and repairs of the bridge, so that the same should be safe and convenient for travel; and moved, " 1. That the case stand continued till such time as the said corporation shall have opportunity to rebuild its

bridge and put the same in safe and convenient repair, or, 2. That the order of acceptance of said award, if the same has been accepted, be vacated, and the report of the commissioners be recommitted for a new assessment of damages; or, 3. That further proceedings in the case be stayed because the subject matter of the St. of 1875, c. 175, relating to Sunderland bridge, has so far failed, before the entry of judgment, that, as a matter of law, there is no foundation for a judgment under the act without an existing bridge over Connecticut River, to be transferred as property to the public for a public highway upon the acceptance of the award and the entry of judgment thereon."

With the consent of parties, the judge reserved the case for the consideration of the full court, on the questions : Whether the appeal of the county commissioners had the effect to vacate the acceptance of the award, or in any way affected the same ; whether, the subject matter of the St. of 1875, c. 175, having failed, this court would take further jurisdiction of the case ; and whether the award should be recommitted, further proceedings in the case stayed, or judgment entered, or any further order, decree or direction made, as law and justice might require.

*G. M. Stearns*, for the bridge proprietors.

*D. Aiken & S. O. Lamb*, for the county of Franklin.

ENDICOTT, J. The proprietors of Sunderland Bridge were incorporated by the St. of 1811, c. 38, with authority to build a bridge over the Connecticut River between Sunderland and Deerfield, and to take tolls for the term of seventy years. By the St. of 1857, c. 99, this period was extended, and at the time of these proceedings, in 1876, the charter had thirty-two years to run before its expiration. By the St. of 1875, c. 175, the bridge was laid out as a public highway, upon the acceptance of the award of the commissioners provided for in the act, and entry of judgment thereon. The statute provides that commissioners shall be appointed by this court upon proper application, and shall determine, among other things, the " amount to be paid the proprietors of Sunderland Bridge as damages for laying out of said bridge, piers, and abutments and way, as a public highway, and for the land, toll-house and all the appurtenances thereof lying east of said bridge, belonging to the said proprietors." The commissioners were duly appointed, heard all parties

in interest, and filed their award in this court, and the county commissioners of Franklin entered an appeal therefrom. The appeal was heard before the chief justice, and was dismissed, and the award was accepted. The county commissioners then appealed to the full court, where the appeal was finally dismissed, but judgment was not formally entered thereon. Before the entry of judgment, the superstructure of the bridge above the piers and abutments was, in December, 1876, blown into the river. The case comes again before us upon motion by the proprietors for judgment, and upon objections by the county of Franklin to the entry of judgment upon the award. It is contended by the county that the case should stand continued until the proprietors shall have an opportunity to rebuild the bridge ; or that the acceptance of the award shall be vacated, and the report be recommitted for a new assessment; or that all the proceedings shall be stayed, because the subject matter of the St. of 1875 has so far failed before the entry of judgment, that, as matter of law, there is no foundation for the judgment, without an existing bridge over the Connecticut River, to be transferred as property to the public for an existing public highway.

But we consider these claims untenable, both on the ground that the acceptance of the award has determined the rights of the parties under it, and also upon general principles applicable to the assessment of damages to the proprietors of a toll bridge laid out as a public highway by law.

The statute provides that the parties interested may appeal from the award, and that if neither party shall " appeal within sixty days after receiving the award of said commissioners, then the same shall be absolutely binding upon all the parties interested therein." § 2. No party entered an appeal, except the county commissioners. Their appeal was dismissed, and the award accepted, and this decision was affirmed by the full court. There has been no effectual appeal within sixty days ; the matter stands as if no appeal had been taken, the sixty days have expired, and the award, by the terms of the statute, is absolutely binding on the parties. It follows that matters arising after the expiration of the sixty days and the acceptance of the award cannot affect the rights of the parties. The question is not presented, what would have been the rights of the parties if the

bridge had been destroyed or injured before the filing of the report, or before the expiration of the sixty days and the acceptance of the award, as in *Farmer* v. *Hooksett*, 8 Foster, 244. Their rights under the award are now determined by the terms of the statute, and nothing remains to be done but the entry of judgment.

Nor are we shaken in this conclusion by the provisions of the statute which show that the proprietors shall have possession of the bridge and may take tolls, until the final entry of judgment. Such provisions have been usual in acts of this kind. Until the commissioners have decided who shall have the duty of maintaining the way and bridge, and upon what terms and conditions, and the final conclusion is reached, the proprietors only can properly maintain the bridge ; and it is but justice to them that, until they can recover their compensation, they should be entitled to the use of the property. Whatever may have been their rights or the nature of their title in the franchise and the incidents thereto before the award becomes binding upon them, it is clear that after it is binding they are no longer owners in the proper sense of the term, but are mere custodians, having certain legal privileges and liabilities, the extent of which we are not called on to decide, but subject, so far as the parties to these proceedings are concerned, to the terms of a binding award, under which their possession is determined upon the entry of judgment.

There are other considerations connected with this case, which show that, after the return and acceptance of the award, we cannot properly allow it to be opened or questioned because the structures or incidents of the way are in a different condition now from what they were before the award was returned and accepted. The question for the commissioners to determine was, what damages are to be paid to the proprietors for taking from them the right to maintain the bridge and way, and to take toll to the end of their term in 1908. It is obvious that the value of the bridge as a structure cannot be fairly computed as damages. *Central Bridge* v. *Lowell*, 15 Gray, 106. The bridge may be of very great value in itself as a structure, and have cost the proprietors a very large sum of money ; but the franchise and the right to take the tolls may be of very small value,

either from the short time it has to run, or from the small amount of travel, or from the great expense of keeping the way or bridge in repair, or the peculiar dangers to which both are exposed. On the other hand, the bridge may be of small value; it may be an insufficient structure and much out of repair, but the franchise may have a very considerable value. The question is not what is the value of the existing way to the towns or the county which are to pay for it, but what shall be paid as proper compensation to the proprietors from whom it is to be taken. And the true test of that is the value of the franchise, which consists of the right to maintain the bridge and way over the river, and the privilege of taking tolls therefor till the expiration of their charter. If this is taken from them, they are deprived of their only means of reimbursing themselves for the outlay and expenses incident to the construction and maintenance of such a way. And a fair compensation for this, by paying the present value of the franchise, is what the statute intends to provide. The value of this franchise may be ascertained in various ways, and numerous considerations peculiar to the particular case may enter into the determination; but we cannot, as matter of law, say how far the value of the bridge as a structure, or its condition, or its liability to injury or destruction through storm or freshet, controlled the decision or affected the amount of the award. It was the value of the franchise, subject to all the dangers and liabilities incident to the bridge and way, which the commissioners were to assess.

We cannot therefore assume that the foundation of the award has failed because the bridge has gone. The value of the bridge cannot be separately computed, and is not necessarily involved in the award, which gives compensation for the right to take tolls for thirty-two years, and for the other property of the proprietors at the eastern end of the bridge.

Our conclusion therefore is, that there is no reason for delay to enable the proprietors to build the bridge, no cause shown for recommitment, and that we cannot say, as matter of law, that there is no foundation for the judgment by reason of the destruction of the bridge.        *Judgment on the award.*