WILLIAM WYMAN *vs.* EASTERN RAILROAD COMPANY.

Suffolk.    March 25, 1878. — Feb. 25, 1880.    ENDICOTT & LORD, JJ., did
not sit.

Under the St. of 1873, *c.* 360, authorizing the Eastern Railroad Company to take
land for a freight station, and providing that the general railroad acts shall
be applicable to and govern the proceedings, except that, instead of the county
commissioners, three commissioners shall be appointed by this court to adjudi-
cate the damages, from whose decision " an appeal to a jury shall lie " in behalf
of any owner of land taken, " as is provided in case of lands taken for railroad
purposes," the award of commissioners so appointed is to be returned to this
court; and the application for a jury, by way of appeal from their decision, is
to be made, and the trial by jury had, at the bar of this court.

PETITION to this court, under the St. of 1873, *c.* 360, § 3, to
appoint three commissioners to adjudicate the damages for the
taking by the respondent corporation for a freight station, under
§ 2 of that act, of land in Charlestown owned by the petitioner.
The Chief Justice, to whom the petition was presented, enter-
taining doubts upon the question whether, under the Constitu-
tion and laws of the Commonwealth, the court had authority to
appoint commissioners as prayed for, reserved that question, at
the request of the parties, for the consideration of the full court,
according to whose opinion commissioners were to be appointed,
or the petition dismissed.

*H. W. Paine & W. W. Vaughan,* for the petitioner.

*C. Robinson, Jr.,* for parties who had filed similar petitions,
was allowed to file a brief in support of the petition.

*R. Olney,* for the respondent.

GRAY, C. J.    This is a petition for the appointment of com-
missioners to assess damages for the taking of land by the East-
ern Railroad Company for a freight station, under the St. of
1873, *c.* 360, § 2.

The third section of this statute, upon the construction and
effect of which the decision of the question reserved depends, is
as follows : " All general laws, relating to the taking of land for
railroad purposes and the location and construction of railroads,
shall be applicable to and govern the proceedings in the taking
of lands provided for in the second section of this act, except
that, instead of the county commissioners, three disinterested

persons shall be appointed by the Supreme Judicial Court as a board of commissioners to adjudicate the damages for the taking of said lands and property, from whose decision an appeal to a jury shall lie in behalf of any party whose land may be taken, or who may suffer any damage by reason of said taking or location, or of any act done by said company under said second section, as is provided in case of lands taken for railroad purposes."

By the general laws referred to, damages occasioned by taking land.for a railroad are to be estimated in the first instance by the county commissioners; and "either party, if dissatisfied with the estimate made by the commissioners, may, at any time within one year after it is completed and returned, apply for a jury to assess the damages." Gen. Sts. *c.* 63, §§ 21, 22. Under those laws, the estimate of the commissioners being returnable before themselves, the application for a jury is of course to be made to them, and the jury to be ordered by them is a sheriff's jury, whose verdict is certified to the Superior Court. See Gen. Sts. *c.* 43, §§ 19 *& seq.* The alternative allowed by the St. of 1873, *c.* 261, of a trial by jury at the bar of the Superior Court, is limited to cases in which it is provided by law that a sheriff's jury may be had.

The statute now before us imposes the duty of adjudicating the damages, which ordinarily rests with the county commissioners, upon commissioners to be appointed by this court, and enacts that from their decision " an appeal to a jury shall lie " in behalf of the landowner. It contains no provision as to the return or recording of the award of these commissioners, and does not specify in what tribunal the application for a jury shall be made or the trial by jury had. But it is settled, by repeated decisions, that commissioners appointed by this court and deriving all their powers from their judicial appointment must, by necessary implication, without any express statute direction, return their award to the court which appoints them, to be there examined, and, if no sufficient cause to the contrary is shown, confirmed and recorded. *Charles River Mills* v. *Mill Creek Mills*, 7 Pick. 207. *Boston & Worcester Railroad* v. *Western Railroad*, 14 Gray, 253. *Hingham & Quincy Bridge* v. *Norfolk*, 6 Allen, 353, 356. *New London Railroad* v. *Boston & Albany Railroad*, 102 Mass. 386, 388. *Case of Supervisors of Election*, 114 Mass.

247. *Brayton* v. *Fall River*, 124 Mass. 95. The jury is there-fore to be applied for after the award of the commissioners has been returned into and accepted by this court, and by way of appeal from the award so accepted. The reasonable, if not the necessary, construction of the statute appears to us to be, that the application for the jury should be made and the trial had at the bar of this court, in which the whole record of the case from the beginning remains, rather than that the Legislature should be presumed to have intended that a proceeding in the nature of an appeal should lie from a judgment of the highest court of the Commonwealth to an inferior tribunal.

This construction of the statute avoids the grave constitutional difficulties attendant upon holding that the Legislature meant, either to confer upon this court the duty of appointing inde-pendent officers who do not aid in the performance of its own duties, and whose proceedings are not returned to it or subject to its direct control or revision, or else to allow an application, in the nature of an appeal from a judgment of this court, to the county commissioners.

The course of legislation and decision in other like cases affords no sufficient grounds to control our conclusion.

The Sts. of 1872, *c.* 356, and 1869, *c.* 291, the validity of which was upheld in the cases of *Eastern Railroad* v. *Boston & Maine Railroad*, 111 Mass. 125, and of *Roberts* v. *Boston & Lowell Rail-road*, 115 Mass. 57, respectively contained precisely similar pro-visions to that now before us ; but the question, whether the trial by jury by way of appeal from the award of the commis-sioners should be had at the bar of this court, was not consid-ered, or even suggested. In the one case, the constitutionality of the statute was impugned solely because it authorized the taking of land already appropriated to a public use, and did not make sufficient provision for compensation. In the other case, the only point argued, as stated at the beginning of the opinion, was whether the application for a jury was seasonably made.

Other similar statutes have expressly provided that the trials by jury by way of appeal from the award of commissioners ap-pointed by this court should be applied for in this court and had at its bar, or at least the warrant issued by and the verdict re-turned to this court. Sts. 1869, *cc.* 142, 161. *Carter* v. *Cambridge*

*& Brookline Bridge,* 104 Mass. 237.   Sts. 1865, *c.* 132; 1869, *c.* 462.
See also Sts. 1795, *c.* 62; 1867, *c.* 308; *Dingley* v. *Boston,* 100
Mass. 544; *Cobb* v. *Boston,* 109 Mass. 438, and 112 Mass. 181.

Several recent statutes, which in terms provide that any party,
dissatisfied with the award of the commissioners appointed by
this court, may apply to the county commissioners for a jury,
have indeed been assumed to be constitutional.   St. 1862, *c.* 177.
*Hingham & Quincy Bridge* v. *Norfolk,* 6 Allen, 353.   *Gill* v.
*Scituate,* 100 Mass. 200.   St. 1868, *c.* 309.   *Salem Turnpike* v.
*Essex,* 100 Mass. 282.   St. 1871, *c.* 177.   *Northampton Bridge
Case,* 116 Mass. 442.   St. 1875, *c.* 175.   *Sunderland Bridge Case,*
122 Mass. 459.   But in none of these cases was the question of
the invalidity of the statute for this reason argued or adjudged,
and we express no opinion upon it because it is unnecessary to
the decision of this case.          *Commissioners to be appointed.*