## JACOB L. WILLIAMS *vs.* COMMONWEALTH.

Suffolk.    January 15, 1897. — May 20, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Eminent Domain — Damages — Improvements by Life Tenant.*

When real estate has been taken under the right of eminent domain, damages will not be allowed either for improvements made by a life tenant for the convenience of his business, so far as they constitute a part of the real estate, or come within the description of fixtures, or for the injury caused to such improvements, so far as they are personal property, or for the loss of their use in his business.

PETITION, for the assessment of damages for the loss of improvements made by the petitioner, a life tenant, upon real

estate which had been taken by the State House Construction Commissioners under the right of eminent domain. The petition alleged that the petitioner was the life tenant of certain premises on Mount Vernon Street, in Boston, which had been taken by the State House Construction Commissioners under the authority of St. 1894, c. 532; that the petitioner had at various times made improvements on the premises, which were necessary and convenient for him in his profession, of which by such taking he had been deprived. The prayer of the petition was that damages for such improvements might be assessed and paid separately to the petitioner. Annexed to the petition was a list of the improvements made by the petitioner, with the cost thereof, as follows.

| | | | |
|---|---|---|---:|
| 1867. April 10. | Barker & Co., carpenters, special arrangements for laboratory . . | | $1,043.90 |
| Aug. 15. | Fuller, for bells and tubes . . . | | 59.55 |
| Dec. 14. | Clark, door lights for offices . . . | | 17.62 |
| Nov. 1. | Barker, outside windows for offices | | 12.00 |
| 1873. Sept. 16. | Bennett, builder, for west bay window for an office . . . . . . | | 427.37 |
| July & Nov. | Marsh, mason work for office . . | | 103.00 |
| Dec. 31. | Office, heating pipes, etc., Chubbuck | | 80.75 |
| 1882. Aug. 4. | Spurr, permanent finish for entrance and offices . . . . . . . | | 268.00 |
| 1883. Sept. 5. | Glass panels in office, West Glass Vender Co. . . . . . . . | | 6.17 |
| 1885. Dec. 17. | South bay office window, total . . | | 676.42 |
| 1887. Sept. 1. | Chubbuck, large furnace for heating offices . . . . . . . . . | | 183.24 |
| | | | $2,878.02 |

The case was submitted to the Superior Court, and, after judgment for the respondent, to this court, on appeal, upon agreed facts, in substance as follows.

The petitioner had, at various times between 1867 and 1887, fitted up certain rooms in the premises which were taken with various appliances, such as bells, tubes, pipes, and other fixtures, which it was agreed at the time of the taking were of the value of eighteen hundred dollars; that on July 17, 1894, the premises

were taken by the State House Construction Commissioners, who by agreement with the remainderman paid to him, with the assent of the petitioner, a sum representing the market value of the estate, but which did not include any special damage occasioned to the petitioner for the loss of his fixtures.

If the petitioner was entitled to recover for the loss of his fixtures and appliances, judgment was to be entered in his favor for the sum of eighteen hundred dollars; otherwise, judgment was to be entered for the respondent.

*J. C. Ropes & L. M. Friedman,* for the petitioner.

*W. D. Turner,* for the Commonwealth.

MORTON, J. The character of the improvements does not appear very clearly from the petition, or from the agreed facts. Some things which the petitioner did, the putting in of the bay windows, for instance, must have constituted a part of the realty, and as such must have been included in the market value, though it is agreed that they did not enhance it. To allow the petitioner damages, therefore, on account of them, would be compelling the Commonwealth to pay twice, which no construction of Pub. Sts. c. 49, § 27, on which the petitioner relies, would justify. So far as the improvements come within the description of fixtures, they also, as between the Commonwealth and the parties owning or interested in the land and building, must be regarded, till severance at least, as part of the real estate. *Edmands* v. *Boston,* 108 Mass. 535, 549. *Allen* v. *Boston,* 137 Mass. 319. Lewis, Eminent Domain, § 488.

There is nothing to show that they have been severed, or that they were not included in the taking. If they were included in the taking, then, of necessity, they must form a part of the market value of the land and building taken, and the petitioner gets all that he is justly entitled to, under the statutes or otherwise, when he receives the income of property whose value has been arrived at by taking them into account, though they may not have been regarded as enhancing it. So far as they consist of personal property, damages are not to be assessed for losses occurring in respect to them in consequence of the taking. *Edmands* v. *Boston, ubi supra.* We do not find it necessary to determine the meaning of the phrase " Damage special to a separate estate therein," in Pub. Sts. c. 49, § 27.

The fact that the premises as the petitioner had fitted them up were convenient for his business, and that he will lose the use in his business of the conveniences which he had thus provided, cannot be regarded as an element of damage, any more than the loss of good will would be. *Edmands* v. *Boston*, 108 Mass. 535. *Maynard* v. *Northampton*, 157 Mass. 218.

As the case stands, we think that the judgment should be affirmed, and it is                                            *So ordered.*