HENRY O. SAWYER & others *vs.* METROPOLITAN WATER BOARD & another.

Worcester.    January 17, 1901. — March 2, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

Section 14 of the Metropolitan Water Supply Act, St. 1895, c. 488, provides that, if persons suffering injury in an established business on land in West Boylston cannot agree with the water board as to the amount of damages to be paid to them, "such damages shall be determined and paid in the manner hereinbefore provided."   *Held*, that the "manner hereinbefore provided" is a petition to the Supreme Judicial Court for a commission under the previous provisions of the same section and not a petition to the Superior Court for assessment of damages by a jury under the provisions of the preceding section.

PETITION for the assessment of damages under St. 1895, c. 488, § 14, for injury to and destruction of an established business of the petitioners on land in the town of West Boylston owned by them on April 1, 1895, filed in the Superior Court for the county of Worcester, December 12, 1898.

The respondents filed a motion to dismiss the petition, on the ground that the Superior Court had no jurisdiction thereof, and

that the only remedy of the petitioners was by filing a petition in the clerk's office of the Supreme Judicial Court for the county of Worcester, in accordance with St. 1895, c. 488, § 14.

At a hearing in the Superior Court, before *Fessenden*, J., the judge, being of opinion that the interests of justice required that the questions raised should be disposed of before the expense and delay of a jury trial was incurred, ruled that the petition be dismissed, and reported the case for the consideration of this court. If the ruling was right the decree dismissing the petition was to be affirmed ; otherwise the petition was to stand for trial by jury.

Section 14 of 1895, c. 488, contains the following provision : " In case any individual or firm owning on the first day of April in the year eighteen hundred and ninety-five an established business on land in the town of West Boylston, whether the same shall be taken or not under this act, or the heirs or personal representatives of such individual or firm, shall deem that such business is decreased in value by the carrying out of this act, whether by loss of custom or otherwise, and unable to agree with said board as to the amount of damages to be paid for such injury, such damages shall be determined and paid in the manner hereinbefore provided."

The section from the end of which the above provision is quoted begins as follows : " Said board, upon the application of the owner of any real estate taken for said proposed reservoir upon the Nashua river, or the owner of any real estate entered upon and used, or of any real estate injured by the taking of the waters of said Nashua river, whether said real estate is within or without the Commonwealth, or of any real estate not taken but directly or indirectly decreased in value by this act or the doings of said board thereunder, situated in the town of West Boylston [or in certain parts of the towns of Boylston and Clinton] may agree with such owner upon the damages to be paid for such taking, injury or decrease in value, and if said board and the owner of any such real estate cannot agree upon such damages, such owner may, within two years after the first taking of water, or of land for said reservoir, under the right of eminent domain, file in the clerk's office of the supreme judicial court for the county of Worcester, in term time or vacation, a

petition for the determination of such damages, and thereupon said court, after notice by publication in some newspaper published in the county of Worcester, and in such other manner as the court may order, that all persons entitled to file such petitions will be heard by said court on a day therein named, and a hearing thereon ; shall from time to time appoint one or more commissions, each consisting of three disinterested persons, and may after notice and hearing fill any vacancy occurring in any such commission until all petitions referred to it have been heard and determined."

Section 13 of the same chapter begins as follows: " Said board, city, town, person or corporation, if they cannot agree upon any damages, sustained as aforesaid, may, except in the cases in which payment is otherwise provided for in this act, within two years after the day of the taking of any land, water, easements or other property, or of the use of any property, or of the making or change of grade, alteration, discontinuance, or location of a way or railroad, or of the doing of any other act or thing causing the damage, file in the office of the clerk of the superior court for the county in which the property taken, used, or affected in value by such taking or other act of said board is situated, a petition, signed by the petitioner or the attorney of the petitioner, for a jury to determine such damages, and thereupon, after such notice as said court shall order, the damages so sustained shall be determined by a jury in said court, in the same manner as damages for lands taken for highways are determined."

*H. Parker,* for the petitioners.

*J. M. Hallowell,* Assistant Attorney General, for the respondents.

HOLMES, C. J.   This is a petition to recover for the destruction of an established business, alleged to have been caused under the Metropolitan Water Supply Act, St. 1895, c. 488. The petition was filed in the Superior Court, and asked for a jury under § 13.   It was dismissed on motion, for want of jurisdiction, and the case comes here on report.   It is provided by § 14 that, if persons injured in this way cannot agree with the Metropolitan Water Board as to the amount of damages to be paid, " such damages shall be determined and paid in the man-

ner hereinbefore provided." The question is whether the words quoted refer to the manner provided in § 14, which is a petition to the Supreme Judicial Court for a commission, or that specified in § 13, which is a petition to the Superior Court for a jury.

By § 12 the water board may agree with the party injured upon " the damages sustained by any person . . . in property by any taking of property or by any change of grade, . . . or by the construction, etc. . . . or by the interference with the use of any water, or by any other act or thing done by said board under this act." It will be noticed that the words " by any other act or thing " refer back to and qualify " sustained by any person in property," in the same way as do the words " by any taking of property " and the succeeding clauses. The damage referred to throughout is damage sustained in property, and, it would seem, in property which can be taken by eminent domain.

The act goes on to provide by § 13 that the parties, " if they cannot agree upon any damages, sustained as aforesaid, may, except in the cases in which payment is otherwise provided for in this act, within two years after the day of the taking of any land, . . . or of the use of any property, or of the making of any change of grade, . . . or of the doing of any other act or thing causing the damage," file a petition for a jury " to determine such damages " in the Superior Court. Here again it will be seen that all the broad and general words of the section are confined to " damages, sustained as aforesaid." " As aforesaid " refers to § 13, and therefore the provisions of § 14 are confined to damages sustained in property. If then the statute stopped here the petitioners could not recover under the act. *Whitman* v. *Boston & Maine Railroad*, 3 Allen, 133, 141, 142. *Edmands* v. *Boston*, 108 Mass. 535. *Williams* v. *Commonwealth*, 168 Mass. 364. Lewis, Em. Dom. § 487.

The statute goes on in § 14 to provide for owners of land taken upon the Nashua River, or entered upon and used, or injured by the taking of the waters of the Nashua River, whether the land is within or without the Commonwealth, or of certain real estate in West Boylston, Boylston or Clinton, not taken but directly or indirectly decreased in value by the statute and the

doings under it.   To these it gives a petition to the Supreme Judicial Court for a commission.   Among other things " said commissions shall determine the damage to and value of real estate, machinery and business, and from time to time report," etc.   Then follows the clause giving the petitioners their rights. " In case any individual or firm owning . . . an established business on land in the town of West Boylston, whether the same shall be taken or not under this act, . . . shall deem that such business is decreased in value by the carrying out of this act, . . . and unable to agree with said board as to the amount of damages to be paid for such injury, such damages shall be determined and paid in the manner hereinbefore provided."   It seems to us that this last clause is carrying on the thought of those that precede it.   The immediately preceding clause had spoken of damage to business as a matter to be estimated by the commissioners, and this one goes on to provide for another case of damage to business.   The earlier part of the section dealt with West Boylston, this continues to deal with it.   It seems to us pretty plain that as the section had provided for a commission before it is providing for a commission still.

It is provided in § 15 that " any persons whose property is taken under the right of eminent domain, or entered upon or injured by the taking of said water, if dissatisfied with any determination of damages made by any commission, may . . . claim a trial by jury."   It is unnecessary to consider whether this provision extends to the petitioners' case.   It cannot do so except upon the ground that destruction of business is made by the act a taking of property within its meaning, whatever might be the case in the absence of § 14.   If that argument should prevail, which we do not intimate to be likely, of course it would impair if not destroy the argument based on the word " property " in § 12.   But in § 13 there is an exception " in the cases in which payment is otherwise provided for in this act," and if this does not refer to § 14 it has no satisfactory meaning at all.   Taking the exception in § 13 and the juxtaposition of words in § 14, we are satisfied that " hereinbefore" means in § 14, that the petition should have been filed in the Supreme Judicial Court, and that it properly was dismissed.

*Decree affirmed.*