### EDWIN C. FAIRBANKS vs. COMMONWEALTH.

Worcester.    February 27, 1903. — May 22, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Metropolitan Water Supply Act.    Damages.*

An owner of real estate in the town of West Boylston not taken but indirectly decreased in value by the metropolitan water supply act or the doings of the water board under the act, who is entitled to damages under § 14 of the act, is not entitled to have those damages determined by a jury under the provisions of the last sentence of § 15 of the act. Following *Sawyer* v. *Commonwealth*, 182 Mass. 245.

PETITION, filed February 21, 1900, under St. 1895, c. 488, § 14, as described by the court.

The case came on to be heard before *Loring*, J., on two motions, one by the petitioner for a trial by jury, and the other by the respondent for the acceptance of the report of the commissioners theretofore filed in the case. After hearing and by agreement of the parties, the justice reserved for the determination of the full court the question whether the petitioner was entitled to claim a trial by jury, without prejudice to the rights of the respondent to press its motion for the acceptance of the commissioners' report, if the full court should determine that the petitioner was not entitled to a trial by jury.

*J. W. Sheehan & L. Cutting*, for the petitioner.

*R. A. Stewart*, Assistant Attorney General, for the Commonwealth.

KNOWLTON, C. J.    The petitioner seeks to recover damages to his property under the St. 1895, c. 488, § 14, for the doings of the metropolitan water board under this statute. No part of his property has been taken or entered upon or used, and his land is not adjacent to the river whose waters are taken, nor to the flowage line of the main reservoir provided for by the act, and there has been no change of grade, alteration or discontinuance of any railroad or public way passing over the petitioner's premises, or immediately adjacent thereto or abutting thereon. The petitioner's claim is under the provision of § 14 which gives

damages to the owner " of any real estate not taken but directly or indirectly decreased in value by this act or the doings of said board thereunder, situated in the town of West Boylston."

The only question reserved for our consideration is whether the petitioner is entitled to a trial by jury to determine the damages because he is dissatisfied with the determination made by the commission. This depends upon the meaning of the last sentence of § 15, which gives this right to " persons whose property is taken under the right of eminent domain, or entered upon or injured by the taking of said water." This meaning was stated in *Sawyer* v. *Commonwealth*, 182 Mass. 245, in reference to a motion for a trial by jury under this section upon a claim for damages to an established business on land in the town of West Boylston. This damage is given when " such business is decreased in value by the carrying out of this act, whether by loss of custom or otherwise."

It is plain that these two kinds of damage are to be awarded for that which would not give the owners a constitutional right to compensation as for a taking under the right of eminent domain, and which would not render a neighboring property owner liable at common law if he caused a like diminution in value from the legitimate use of his own property. The diminution in value referred to includes damages which are not allowed under most statutes that authorize the construction of public works — damages which may be general, as distinguished from those which are special and peculiar.

For the determination of these damages the statute provides for the appointment of a commission by the Supreme Judicial Court, and while it provides for a trial by jury for persons who are dissatisfied with the report of the commission, and whose property is taken, or entered upon, or injured by the taking of the water so that they would have a constitutional right to compensation, it makes no such provision for these persons whose claims would not be recognized were it not for these unusual and very liberal provisions of the statute.

The only words in § 15 which by any possibility could be thought to include the petitioner's claim are " or injured by the taking of said water." But these words relate to a direct effect upon the property itself from the taking of the water, rather

than to an indirect diminution in value from the doings of the board under the statute. All the reasons given in *Sawyer* v. *Commonwealth, ubi supra,* for holding that the petitioner was not entitled to a trial by jury, are equally applicable to the petitioner in the present case.

*Motion denied.*