NASHUA RIVER PAPER COMPANY *vs.* COMMONWEALTH.

Worcester. September 29, 1903. — October 21, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Metropolitan Water Supply Act. Damages.*

Under St. 1895, c. 488, § 14, the owner of real estate injured by the taking of the waters of the Nashua River is not entitled to compensation for damage to business, unless the real estate is situated in West Boylston, or in the part of Boylston or the part of Clinton described in that section. The provision of that section, that the commissioners appointed thereunder "shall determine the damage to and value of real estate, machinery and business," contemplates the determination of damage to business only in cases where such damage is provided for by the statute.

PETITION, filed in the clerk's office of the Supreme Judicial Court for the county of Worcester on June 10, 1899, under St. 1895, c. 488, § 14, for injury to real estate of the petitioner in the town of Pepperell, including two paper mills and their appurtenances, by the taking of the waters of the Nashua River.

In accordance with an agreement of the parties, the case was reserved by *Hammond*, J. for determination by the full court, upon the question stated at the beginning of the opinion.

*C. M. Thayer*, for the petitioner.

*R. A. Stewart*, Assistant Attorney General, for the Commonwealth.

KNOWLTON, C. J.    The only question reserved for our consideration is " whether the petitioner was entitled to have the loss of profits resulting from a temporary interruption of its business, caused by the taking, considered by the commission in making its award." We understand this to refer to the damage to business as distinguished from the diminution in rental value of the property, caused by temporary conditions affecting the uses to which it was adapted, including its use in the business then carried on upon it. Such a diminution, although only temporary, is paid for in assessing damages to property caused by a taking under statutes in the common form. *Bailey* v. *Boston & Providence Railroad,* 182 Mass. 537. *Boston Belting Co.* v. *Boston,* 183 Mass. 254.

The petitioner contends that it is entitled to damages to its real estate by reason of the peculiar provisions of the St. of 1895, c. 488, § 14, under which the assessment is made. This section mentions five classes of cases in which damages may be assessed under it : first, when real estate is taken for the reservoir ; second, when real estate is entered upon and used ; third, when real estate is injured by the taking of the waters of Nashua River, whether the real estate is within or without the Commonwealth ; fourth, when real estate not taken, situated in the town of West Boylston or in specified parts of the towns of Boylston and Clinton, and not owned by the owner of the Lancaster Mills, is directly or indirectly decreased in value by the legislative act or the doings of the water board thereunder ; fifth, when one owning an established business on land in the town of West Boylston, whether the land is taken or not, deems that his business is decreased in value by the loss of custom or otherwise, by the carrying out of the legislative act.

This petition presents a case of the third class. The petitioner's contention rests upon the provision that the commission appointed " shall determine the damage to and value of real estate,

machinery and business"; and the precise question is whether the damage to business is to be determined in all classes of cases in which assessments are made under this section, or only in those classes in which there is a provision for the allowance of damages to business, apart from the use of the word "business" in the provision just quoted.

Under §§ 12 and 13 of this chapter, owners of property may recover damages caused "by any taking of property or by any change of grade, alteration or discontinuance of any railroad or public way, or by the construction or maintenance of any reservoir or other work, or by the interference with the use of any water, or by any other act or thing done by said board under this act." These damages are to be determined by a jury in the Superior Court "in the same manner as damages for lands taken for highways are determined." Property owners are to be compensated for damages caused by a variety of specified acts, and for damages caused by any other act of any kind under the statute. The rule stated includes damages to property no part of which is taken, if the damages are direct and proximate as distinguished from remote and consequential, and if they are special and peculiar as distinguished from general and public. R. L. c. 48, § 15. *Sheldon* v. *Boston & Albany Railroad*, 172 Mass. 180. *Putnam* v. *Boston & Providence Railroad*, 182 Mass. 351. If an assessment is made under these sections, no damages can be allowed for loss in a business as distinguished from the diminution in value of the real estate where the business is conducted. *New York, New Haven, & Hartford Railroad* v. *Blacker*, 178 Mass. 386. *Bailey* v. *Boston & Providence Railroad*, 182 Mass. 537. *Boston Belting Co.* v. *Boston*, 183 Mass. 254. The first three classes of cases mentioned in § 14 are included in §§ 12 and 13, and if the contention of the petitioner is correct, a property owner whose land has been taken or entered upon and used or injured by the taking of the waters, may recover damages to his business if he brings his petition under § 14, while no such damage can be allowed him if he brings his petition under §§ 12 and 13. It cannot be supposed that the Legislature intended to prescribe one rule of damages for a property owner who brings his suit in the Superior Court, and a different rule for the same injury if he brings his petition for the appointment of a commission in

the Supreme Judicial Court. In either mode of proceeding, if either party desires it, the assessment is ultimately to be made by a jury. See § 15. *Sawyer* v. *Commonwealth*, 182 Mass. 245, 249. Whether the petition is brought before the Superior Court or the Supreme Judicial Court, the case before the jury is the same. We must, therefore, consider the statute as prescribing the same rule for the assessment of damages under each section, unless we find a plain provision to the contrary.

The fourth and fifth classes of cases mentioned in § 14 differ from the others. They include only real estate within a certain prescribed part of the territory affected by the statute. For these a different rule of damages is prescribed. The reasons for making such a rule are stated in the report of the State board of health to the Legislature of 1895, pages cxxvi, cxxvii. Under the provision in the last part of this section every owner of an established business in West Boylston is to be compensated if his business is decreased in value by loss of custom or otherwise, and by the St. 1898, c. 551, § 1, a similar provision is made for persons in Boylston, and by Sts. 1897, c. 445, § 1, and 1901, c. 505, § 1, the provision is extended to a part of the town of Sterling and a part of the town of Clinton. These are the only parts of the statute which mention business in express terms. In the fourth class of cases mentioned in the section, compensation is to be given if real estate within the prescribed limits not taken is " directly or indirectly decreased in value " by the taking of the board under the act. This is a provision for the payment of indirect, remote and consequential damages which are not allowed in ordinary cases, when property is taken under the right of eminent domain. *Fairbanks* v. *Commonwealth*, 183 Mass. 373. *Burnett* v. *Commonwealth*, 169 Mass. 417. These damages may include an injury to business as one of the elements of the indirect decrease in value of the property. Where whole villages are submerged and populous places are made desolate there is such a change in external conditions as may greatly affect the value of property for use in business, although the property itself is not directly injured. The petitioner's property is not in Boylston or in the designated part of Clinton.

To sustain the contention that damage to business should be allowed under this section in all cases of injury to real estate

outside of the prescribed limits, as well as within them, would render nugatory and meaningless the special provision for indirect, remote and consequential damages in cases of the fourth class above mentioned, and the express provision for damages to business near the end of the section and in the subsequent statutes which we have cited.

We are of opinion that the direction to commissioners to "determine the damage to and value of real estate, machinery and business," must be interpreted to mean value of real estate when real estate is taken, and damage to real estate and machinery when the real estate and machinery are not taken but are damaged, and the damage to business in those cases where damage to business is provided for by the statute, leaving damages to be assessed in the usual way where no special provision is made.

As the petitioner's property does not fall within either of the cases in which an assessment for damages to business is authorized, the amount in question cannot be allowed.

*Judgment for the respondent.*