## CLARENCE CARVILLE *vs.* COMMONWEALTH.

Worcester.    October 2, 1905. — October 18, 1905.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Metropolitan Water Supply Act.    Damages.    Practice, Civil.*

A petitioner under St. 1895, c. 488, § 14, as amended by St. 1901, c. 498, for damages for property taken by the metropolitan water board, who states in his petition a taking of and an injury to his real estate, if commissioners appointed by the court find against his claim, has a right, on appealing from their decision under § 15 of the first named statute, to a trial by jury, and the acceptance of the report of the commissioners by the court does not deprive the petitioner of his right to claim a trial by jury at the term in which the determination of the commissioners is filed in court or at any time before the expiration of the succeeding term.

KNOWLTON, C. J.    The question before us is whether the petitioner is entitled to have a trial by jury upon his petition, brought under the St. 1895, c. 488, § 14, as amended by the St. 1901, c. 498, to recover damages for property taken by the metropolitan water board for the Wachusett reservoir. The petition was referred to commissioners, who made a report that the petitioner was not entitled to damages. This report was afterwards accepted by a justice of this court. If the findings of the commissioners are correct, there are several grounds, either of which would preclude the petitioner from recovery. Some of these relate to matters in regard to which it hardly seems possible that there can be any dispute, such as the time of the taking of the real estate under the right of eminent domain, and the conveyance by the petitioner to the Commonwealth of

---

his ice houses, which are matters of public record. Although the report was in evidence at the hearing, the petitioner contends that, in passing upon this motion, the findings of the report should be entirely disregarded, even if they are of a kind which seems to make it almost certain that, upon a trial before a jury, the undisputed facts would compel the direction of a verdict for the respondent. If the petition states a case which, under St. 1895, c. 488, §§ 14, 15, may be the subject of a trial by jury, at the election of the petitioner, we think the petitioner's counsel is technically right in this contention. It has been decided that these sections give petitioners such a right in cases where real estate is taken for the reservoir, or entered upon, or used, or is injured by the taking of the waters of Nashua River. In cases where real estate is only indirectly decreased in value by the legislative act, or the doings of the water board under it, or where there is an injury to an established business, the petitioner has no right to appeal from the decision of the commissioners to a jury. *Sawyer* v. *Commonwealth*, 182 Mass. 245. *Fairbanks* v. *Commonwealth*, 183 Mass. 373.

The petition, with the several amendments to it, states a taking of real estate, and an injury to the petitioner's real estate, which entitled him to the appointment of a commission under St. 1895, c. 488, § 14, and now entitle him to a trial by jury under § 15. It does not state the date of the taking of the real estate, nor other matters relied upon by the Commonwealth as a defence to the petition. Upon the face of the petition, therefore, inasmuch as the petitioner is not bound by the report, he has a right to present his case before a jury.

The Commonwealth contends that the acceptance of the commissioners' report prevents the allowance of the petitioner's motion. But we are of opinion that, in the absence of a waiver, the petitioner has a right, at the term on which the determination of the commissioners is filed in court, or at any time before the expiration of the succeeding term, to claim a trial by jury. See *Wyman* v. *Eastern Railroad*, 128 Mass. 346.

*Exceptions sustained.*

*W. A. Gile*, for the petitioner.

*A. W. DeGoosh*, Assistant Attorney General, for the Commonwealth.